HOUSTON & TEXAS CENTRAL RAILWAY COMPANY
v. W. O. DAVIS.

No. 791.

**Conditions in Freight Contract.**

> In suit for damages for injury to horses shipped by Davis on the railway of defendant, from Marble Falls, Texas, to a place in Georgia, it was pleaded by defendant, that in the freight contract it was stipulated, as a precedent to his right to recover, that Davis, or his agent in charge of the stock, shall give notice in writing of his claim therefor, and the full amount of said loss or damage, to the station agent at end of its road on the shipping route, before said stock is removed from the station * * * or delivered to any connecting line or railroad, and that the condition had been broken. The plea not stating facts showing the condition to be reasonable, demurrer to it was properly sustained.................................................. 594

APPLICATION for writ of error to Court of Civil Appeals for Third District, in an appeal from Travis County.

*Frank Andrews,* for application.

BROWN, ASSOCIATE JUSTICE.—The defendant in error, W. O. Davis, sued the plaintiff in error for damages alleged to have been caused to some horses shipped from Marble Falls, over the road of the Houston & Texas Central Railway Company, to a point in the State of Georgia. There is no controversy that the damage was caused on the road of the plaintiff in error.

The railroad company set up in its answer, as a matter of defense, that a contract of shipment from Marble Falls to Georgia was entered into in writing between the parties, and that by the terms of the said contract the shipper agreed, "that as a condition precedent to his right to recover in damages for any loss or injury to the said stock, he or his agent, the person in charge of the stock, shall give notice in writing of his claim therefor, and the full amount of the said loss or damage, to the station agent of the party of the first part at the station herein before named at the end of the line of the party of the first part, before said stock is removed from the station, and before said stock is mingled with other stock, or delivered to any connecting line or railroad." The answer alleged, that the railroad company had an agent at Manor, giving his name, and also, that it had an agent at Houston, also giving his name, and charging that plaintiff knew both of the

agents at the places above named.   The bill of lading did not specify the rate of freight to be charged, but it showed upon its face that it was a continuous shipment from Marble Falls to the State of Georgia.

Plaintiff excepted to this part of the answer of the defendant below; first, because the shipment was not an interstate shipment, and the limitation was void under the statutes of Texas; second, because it appeared that the limitation or requirement was unreasonable.   The District Court sustained the exception to the answer, which ruling was approved by the Court of Civil Appeals.

Assuming this to be an interstate shipment, the question arises, was the answer sufficient in its allegations to show that the requirement by which the liability of the common carrier was limited was reasonable? In the case of Railway v. Harris, Judge Stayton, in delivering the opinion of the court, said:   "If the contract were *even* valid, whether reasonable or not, the shipper would be bound by its terms; but where its validity depends upon its being reasonable, the party who asserts its validity must allege the facts which make it so."   67 Texas, 172.

It will be observed that the requirement of the contract is, that the shipper give notice to the agent at the terminus of the contracting railroad before delivery of the stock to the connecting line or railroad. The transportation of the stock was to be continuous from Marble Falls to Georgia, and by the terms of the contract itself, which is made a part of the defendant's answer, it is provided, in substance, "that the Houston & Texas Central Railway Company was to transport the stock to Houston, Texas, the end of the line operated by it, there to be transferred to the railway over which said live stock was way-billed for further transportation by said railway company."   It was therefore the duty of the railway company to deliver the stock to the connecting line, and if it desired to avail itself of the defense that the shipper had failed to give notice of the damage before the delivery of the stock by it to the connecting line, the burden was upon it to allege and prove such facts as would show that the shipper had the opportunity to give such notice as was required by the terms of the contract. The allegations of the answer do not show such a state of facts.   It does not appear at what time the stock arrived in Houston, whether day or night, whether or not the agent to whom notice was to be given was convenient to the place of transfer, nor that the stock was stopped over in Houston, before transfer to the connecting line, for a sufficient length of time to enable the shipper to comply with the terms of his contract.

The answer having failed to allege the circumstances which would show this agreement to be reasonable, the exceptions were rightly sustained.

We do not feel prepared to approve the holding of the Court of Civil Appeals, to the effect that this was not an interstate shipment, and do not pass upon that question.   In order that we may not be misunder-

stood upon this point, we have briefly given our reasons for refusing the application in this case.

The application for writ of error will be refused.

*Application refused.*

Delivered November 7, 1895.