## Texas & Pacific Railway Company v. D. H. Lynch.

### No. 1231. Decided June 26, 1903.

**1.—Plea of Privilege—Railway—Connecting Lines.**

Plaintiff being ejected, in Bowie County, from defendant's train on which he claimed the right to return from Texarkana by virtue of a contract for shipment of horses from Seymour to that point over the Wichita Valley, the Fort Worth & Denver and the defendant's lines, made with the first named company and alleged to be ratified by defendant carrying the shipment under it, sued thereon in Baylor County. A plea of privilege by defendant, denying any partnership or joint undertaking with the other roads, and asserting its right to be sued in a county where it had a road, office or agent, the facts therein alleged being admitted, should have been sustained. (Pp. 28-30.)

**2.—Same—Act of 1899.**

The Act of May 20, 1899 (Gen. Laws, 1899, p. 214), if applying to any case other than one of damage to property, does not authorize a suit against two railroad companies not acting under a joint contract, for the distinctly separate wrong of one, merely because property has been transported over the connecting lines of the two. (P. 30.)

**3.—Venue—Personal Injury.**

An action for ejecting plaintiff from a train was one for personal injuries. within the meaning of the venue act of March 27, 1901 (Gen. Laws, 27th Leg., chap. 27, p. 31), though the right of plaintiff and duty of defendant grew out of a contract of carriage, and though damages are sought for mental as well as physical pain. (Pp. 30, 31.)

**4.—Plea in Abatement—Giving a Better Writ.**

A plea of privilege which shows that the assault complained of occurred in another named county where action may be brought, complies with the requirement that such plea should give plaintiff a better writ. (P. 31.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Baylor County.

*Stanley, Spoonts & Thompson,* for plaintiff in error.—This suit being for a personal injury alleged to have been received by the plaintiff in being ejected from the train of the Texas & Pacific Railway Company near Texarkana, Texas, and said company having neither agent nor office nor representative of any sort in the county where the suit was brought, and it not being alleged that the plaintiff's cause of action or any part thereof arose in Baylor County, and no ground being alleged which was not disproven that would give said court jurisdiction, the District Court of said county was without jurisdiction over the person of the defendant, the Texas & Pacific Railway Company, and erred in not so holding. Rev. Stats., art. 1194, subsec. 23; Red River, S. & W. Railway Co. v. Blount, 3 Texas Civ. App., 282; Hillard v. Wilson, 76 Texas, 184. Plea to jurisdiction may be amended. Railway Co. v. Barnett, 57 S. W. Rep., 601.

*Montgomery & Hughes,* for defendant in error.—This is a suit by the plaintiff for loss and damage on account of a breach of contract and refusal to perform a legal duty by the appellant, arising out of the transportation of a car of horses, and the contract relating thereto, and it is lawful to bring such suit against any one or all of the railroad companies over which the property was transported, in the county in which either of such railroads extend or is operated.

Appellants did not seek to raise the question of venue by exception to plaintiff's petition because it did not show that the venue was properly laid, but sought to traverse or specially deny the facts in plaintiff's petition, but failed to deny all of the allegations therein and failed to anticipate and negative all other exceptions applicable to the case which might exist. Having failed to except, appellant can not insist that because the suit is for a personal injury it should be brought either in the county where the injury occurred or in the county nearest plaintiff's residence in which defendant runs or operates its road or has an agent. Neither can it raise it under its plea, because it fails to negative such facts as might exist under the case pleaded or that are applicable thereto.

The plaintiff having pleaded that the three railway companies mentioned were common and connecting carriers, operating lines of road in this State; that the Wichita Valley Railway Company and the Fort

Worth & Denver Railway Company had received said horses for through shipment from Seymour, Texas, to Texarkana, Texas, both points in this State, on a contract for a through carriage, and that appellant accepted said horses at Fort Worth and transported them from thence to Texarkana, Texas, under and by virtue of said contract, and recognized, acquiesced in and acted on such contract, thereby ratified same and made it its own, and was bound by the terms thereof to furnish return transportation. None of these facts were denied in said plea of privilege, and therefore by article 331a, Revised Statutes, the appellant is deemed and held to be the agent of the Wichita Valley Railway Company, and the connecting line of it and the Fort Worth & Denver City Railway Company, and each deemed and held to be the agent of all the others in carrying out such contract, whether they are in fact or not, and each and all would be jointly liable for the acts of the other, and therefore the venue would be properly laid in Baylor County, under exception 4 of article 1194, Revised Statutes, since the appellant failed also to deny that the Wichita Valley Railway was not a resident of Baylor County. Rev. Stats., art. 331a; Acts of 26th Leg., p. 214, chap. 125; Texas & P. Railway Co. v. Randle, 44 S. W. Rep., 604, 18 Texas Civ. App., 348. As to the duty of defendant to deny all jurisdictional facts alleged and also to negative all other exceptions applicable to the case, see Railway Co. v. Graves, 50 Texas, 181; Stark v. Whitman, 58 Texas, 376; Townes' Texas Pleadings, 238, 358, and authorities there cited in note.

It follows as a corollary from preceding proposition that since the plaintiff had alleged such facts as made the Wichita Valley Railway Company liable for the acts of the appellant, that even under the venue law for personal injury suits (chap. 27, Acts 27th Leg.), as the plaintiff resided in Baylor County, and as the defendant the Wichita Valley ran and operated its road in said county, and as none of these facts were denied, the venue was properly laid in Baylor County.

This is not a suit for personal injuries, as contemplated by chapter 27 of the Acts of the Twenty-seventh Legislature, since the suits therein mentioned are for damages arising from personal injuries resulting in death or otherwise, and include only such personal injuries as are caused by physical injury to the person. Acts 27th Leg., chap. 27, p. 31; Sayles' Civ. Stats., art. 3353a, and notes thereto.

The plea of privilege should have been overruled by the court, because it was insufficient: First, in that it failed to deny the facts in plaintiff's petition, and also failed to anticipate and negative all other exceptions applicable to the case; second, in that it failed to give the plaintiff all the information he might need to enable him to prepare and bring a new suit if the plea had been sustained. Carothers v. McIlhenny, 63 Texas, 138; Townes' Pleading, p. 358, and authorities there cited.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the Wichita Valley Railway Company, the Fort Worth

& Denver City Railway Company, the Texas & Pacific Railway Company and W. E. Hunter to recover damages for the alleged wrongful ejection of the plaintiff from the cars of the Texas & Pacific Railway Company. Upon the trial the plaintiff dismissed as to all the defendants except the last named corporation. A verdict was returned in plaintiff's favor against that company and judgment was entered accordingly. On appeal the judgment was affirmed by the Court of Civil Appeals.

The defendant the Texas & Pacific Railway Company pleaded its privilege of being sued in some county other that in which the suit was brought. Its plea was overruled by the court and it was forced to go to trial. We think this was error.

It was alleged in substance in the petition, that the defendants the Wichita Valley Railway Company and the Fort Worth & Denver City Railway Company entered into a contract with plaintiff by which they agreed to transport a carload of horses and mules from Seymour, a station on the line of the Wichita Valley road, to Texarkana, Texas, a station on the line of the Texas & Pacific road, and to furnish the plaintiff with return transportation from Texarkana and over the several lines of road; that the plaintiff shipped the car of horses and accompanied them on the trip; that they were carried from Seymour to Wichita Falls over the Wichita Valley road; thence over the Fort Worth & Denver City road to Fort Worth, and thence over the Texas & Pacific to Texarkana, Texas. It was also alleged that the Texas & Pacific received the car at Fort Worth and transported it to its destination under and by virtue of the contract entered into by plaintiff with the two other companies, and that by virtue of transporting the car under the contract each of the three companies ratified the contract and made it its own and thereby bound itself to furnish return transportation for the plaintiff over their respective lines from Texarkana to Seymour.

It was further averred in substance that the car was carried to Texarkana in pursuance of the agreement; that the plaintiff accompanied it, and that at that point he presented to the agent of the Texas & Pacific Company his contract with a request for return transportation; that thereupon the agent placed his stamp upon it and told plaintiff it would be good for his return passage; that he thereupon boarded the train at Texarkana, and when called upon by the conductor for a ticket presented his contract, but that the conductor refused to receive it and demanded his fare. It was further averred, that thereupon the conductor ejected him from the cars to his damage, etc.

In its plea of privilege the Texas & Pacific Railway Company averred, among other matters not necessary to be set out, "that it is a resident of Dallas County, Texas, and was at the time of the occurrences set forth in plaintiff's petition, and at the time of service of citation upon it, and has and at those times had its domicile and principal office in Dallas County, Texas, and that it is not and never has been a resident of Baylor County, Texas, nor had its domicile in said Baylor County, Texas.

"Second. That it has not and never has had an agent in Baylor County, Texas, but had at the time of the acts complained of, and ever since has had an agent in the various counties through which its line runs, to wit, Tarrant County, Dallas County, and others; that it has not had and has not now any line of railway or portion thereof in or through Baylor County, Texas, but that it runs from Bowie County, Texas, to El Paso, Texas.

"Third. That it is not and never has been in partnership or jointly interested with any of the defendants in this case, and that it was especially not in partnership with, or jointly interested with any or all of defendants herein in any matters complained of herein, or in any matter out of which this suit arose. It avers that it received the plaintiff's cattle at Fort Worth for shipment and shipped same to Texarkana, and that plaintiff boarded its train at Texarkana to ride to Fort Worth; and that in the transportation of said cattle it was not acting jointly or in partnership with any other person or company, but that it undertook and contracted to transport same from Fort Worth to Texarkana, and undertook nothing further.

"Fourth. That it did not contract to perform any obligation in Baylor County.

"Fifth. That it did not commit any crime, offense or trespass in Baylor County.

"Sixth. That this is not a suit for or involving or in any way concerning any of the exceptions set forth in article 1194 of the Revised Statutes of Texas, but is a suit for damages resulting from ejecting plaintiff from the train of this defendant in the County of Bowie, and State of Texas, and that plaintiff's cause of action, if any he has, arose in said Bowie County, and does not and did not arise, nor did any part thereof arise in Baylor County, Texas.

"Seventh. That allegations of partnership made in the plaintiff's petition between the defendants herein were fraudulently made for the purpose of conferring jurisdiction on this court, and that all other allegations made therein for the purposes of conferring jurisdiction on this court were fraudulently made for that purpose."

No exception to the plea was urged upon the trial; but the record shows that it was agreed in open court that the allegations thereof were true.

If as alleged in the petition the written contract was for a through shipment from Seymour to Texarkana, and the Texas & Pacific Company ratified it and thereby become a party to it, then all the companies would have been jointly liable for the wrongs alleged, and all would have been jointly suable in any county in which suit could have been separately brought against either. But here the defendant in its plea denies that any partnership existed between it and its codefendants and that it acted jointly with any other person or company in the transportation of "the cattle" (evidently meaning the horses and mules), and specifically avers "that it undertook and contracted to transport the

same from Fort Worth to Texarkana, and undertook nothing further." If this be true, then there was no joint contract on part of the three railroads, and consequently could be no joint liability for the wrongs alleged in the petition. No exception having been urged to the plea for vagueness of allegation, under the rule every reasonable intendment should be indulged in its favor.

The averments just adverted to are a practical denial that the alleged contract for a through shipment was "acquiesced in or acted upon" by the Texas & Pacific Company, and therefore it is a denial of a state of facts to which article 331a of the Revised Statutes applies.

We are further of the opinion that the Act of May 20, 1899 (Laws 1899, p. 214), has no application to the case as made by the defendant's plea of privilege. It may be doubted whether it was the purpose to make the act applicable to any case except to those of damage to property in course of transportation; but the words "or other cause of action connected therewith" are very broad, and it is difficult to say that they do not embrace injuries to the person of one accompanying a shipment of cattle where the right of transportation is given in the contract of shipment. But we need not decide that question. Before the passage of the act, it was a matter of not infrequent occurrence that live stock which had been shipped over two or more lines of railroad under separate and independent contracts arrived at their destination in a damaged condition and the shipper was at a loss to know how much of the damage was chargeable to the one line and how much to the other, or others in case there were more than two. The evident purpose of the act was to relieve shippers of this difficulty, and to provide a joint action against all the carriers where there was a reasonable probability that each was responsible for some part of the whole damage. But, in our opinion, it was not intended to authorize a suit against two railroad companies not acting under a joint contract, for the distinctly separate wrong of one, merely because property had been transported over the connecting lines of the two. It would in our opinion be difficult to justify such legislation upon any correct principle. If for example the cause of action was against the second carrier company for a total destruction of the property on its line by a railroad wreck, why sue the first, who did not contract to carry beyond its own line and was in no manner responsible for the loss of the property? So in this case, if it be true as alleged in the plea and as admitted by the agreement, that there was no joint contract, there was no joint liability nor any question of apportionment of damages to be settled. We are therefore of the opinion that it was not intended that the statute should apply to such a case.

We also think, that this was an action for personal injuries within the meaning of the venue act of March 27, 1901. Laws 1901, p. 31. According to the case made by the petition the right of the plaintiff and the duty of defendant grew out of the contract of carriage, but the mental and physical pain suffered by him by reason of his ejectment from

the cars are personal injuries, such as are recoverable only in an action of tort. The plea avers that the ejectment occurred in Bowie County, and under the statute the plaintiff could have sued and may yet sue in that county. Therefore the plea complies with that rule, which requires, that a plea in abatement shall give the plaintiff a better writ. It does not deprive the plaintiff of his right to sue either in that county or in the county nearest "that in which the plaintiff resided at the time of his injury."

Accordingly the judgment should be reversed and judgment here rendered sustaining the plea of privilege and abating the suit, and it is so ordered.

*Reversed and rendered.*