ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v.
R. C. FORBIS.

Decided March 19, 1904.

**1.—Railroads—Venue—Connecting Lines.**

Plaintiff sued two Texas railroads in C. County, to which neither road extended, but to which a third road extended which was not sued nor alleged to be liable, and averred that the three roads connected and "formed a continuous line of railroad from C. County to Kansas City, Mo.," being the line over which plaintiff's cattle were shipped. Held, that the Act of 1899, page 214, providing that suit may be brought against any one or all of several railroad corporations in a county in which neither of such railroads extend or is operated, does not authorize suit to be brought against two railroad companies in a county in which neither of them extends or is operated, and that the defendants' plea of privilege to be sued in some other county should have been sustained.

**2.—Same—Venue Not Waived by Plea of Privilege.**

The question being one of venue and not jurisdiction, defendants could not be held amenable in C. County by virtue of having pleaded there their privilege to be sued in another county.

Appeal from the County Court of Childress. Tried below before Hon. W. B. Howard.

*Browning, Madden & Truelove,* for appellant.

*Hall & Houssels,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—It appears from the petition that plaintiff below resided in Dickens County; that appellant, one of the defendants, was a nonresident corporation, operating a line of railway between Woodard, Okla., and Kansas City, Mo., with an agent at El Paso, Texas; and that the other defendant, the Southern Kansas Railway Company of Texas, was a Texas corporation, operating a line of railway between Washburn, Texas, and Woodard, Okla., with an agent at Panhandle, Carson County, Texas. It further appears therefrom that the Fort Worth & Denver City Railway Company had an agent at Childress, Texas, and operated a line of railway between that point, via Giles, the origin of the cattle shipment in question, to Washburn, Texas. This company, however, was not sued, and no negligence was charged against it, but it was alleged that the other companies were partners, or that the foreign company owned and controlled the Texas corporation, and that the three formed "a continuous line of railroad from Childress, Texas, by way of Giles, Texas, to Kansas City, Mo."

The plea of privilege to be sued in some county other than Childress, filed by the Southern Kansas Railway Company of Texas and adopted by the Atchison, Topeka & Santa Fe, contained a denial of every fact that would have warranted the institution of this suit in that county.

It seems quite clear, therefore, that the court erred in overruling the

plea of privilege. There is nothing in the Act of 1899, page 214, to justify this ruling. In providing that "suit for loss or damages * * * may be brought against any one or all of such railroad corporations * * * in any county in which either (any) of such railroads extend(s) or is operated," the Legislature did not intend to authorize a suit to be brought, as was done in this instance, against two railway companies in a county in which the railroad of neither extends or is operated, that is, in a county where the railroad of a third carrier which is not sued or in any manner liable for the damages claimed extends or is operated. At least the case of Texas & P. Ry. Co. v. Lynch, 75 S. W. Rep., 486, so holds.

York v. State, 73 Texas, 651, and that line of cases, which are cited to sustain the ruling, are not in point. The question involved is one of venue, and not of jurisdiction. While, as held in the cases cited, a foreign corporation over which our courts can not obtain jurisdiction to render a personal judgment waives the jurisdictional defense by appearing in our courts for the sole purpose of urging that defense, such corporation is as much entitled to plead its privilege of being sued in the proper county as any other party defendant. St. Louis I. M. & S. Ry. Co. v. White, 1 Texas Law Journal, 613, 76 S. W. Rep., 947; Texas & P. Ry. Co. v. Edmisson, 52 S. W. Rep., 635. Indeed, this privilege presupposes that the party pleading it is amenable to the general jurisdiction of the court. The question is not whether the court has jurisdiction over the person of the defendant, but whether the court has jurisdiction, against the objection of such defendant, though duly cited, to try the issue in the county in which suit is brought.

The judgment against appellant is reversed, and the suit abated on its plea of privilege, without prejudice to appellee's right to bring a new suit against it, but the judgment in favor of the other defendant, not being appealed from, will not be disturbed.

*Reversed and dismissed in part and affirmed in part.*