## TEXAS & PACIFIC RAILWAY COMPANY v. D. H. LYNCH.

### Decided April 15, 1905.

**1.—Secondary Evidence—Letter-press Copy.**

A letter-press copy or impression of a freight waybill, by virtue of which plaintiff was claiming return transportation at the time of his ejection from the train, is not admissible in evidence over the objection that it is secondary and not the best evidence.

**2.—Carrier of Passengers—Ejection from Train—Ability to Pay Fare.**

In an action of damages for ejection from a train on which plaintiff was entitled to return transportation free, it may be shown in mitigation of the damages to his feelings resulting from humiliation that he had sufficient money with him to have paid the fare demanded.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*T. J. Freeman, Spoonts & Thompson* and *J. H. Barwise, Jr.,* for appellant.—1. A letter-press copy of a written document is secondary evidence, and, there being no notice to produce the original waybill under which the shipment moved, and no proper predicate laid for the introduction of the letter-press copy, the action of the court in admitting the letter-press copy was reversible error. King v. Compress Co., 10 Texas Ct. Rep., 483.

2. Even though the appellee were rightfully entitled to ride under the contract, yet, his right so to do not being clear, and there being a serious controversy as to his right, and the conductor having sought to get him, under those conditions, to pay his fare and secure a refund from the company, if the facts developed that appellee was right, the appellant was entitled to show that appellee had the money then with him sufficient with which to have paid his fare to Fort Worth. All the proof taken together was sufficient to justify the contention by the appellant that the appellee was purposely seeking to aggravate, increase and enhance his damages, and that he therefore, and for that purpose, provoked the conductor to eject him from the train, so that he could perchance recover from appellant heavy damages; and the testimony offered, and which the appellant was denied the privilege of producing, was pertinent and material. Southern Pac. Co. v. Patterson, 27 S. W. Rep., 197; Hutch., Carr., sec. 809 d; Car. Co. v. McDonald (Texas Civ. App.), 21 S. W. Rep., 945; Railway Co. v. Trimble (Ark.), 15 S. W. Rep., 899; Railway Co. v. Cole, 29 Ohio St., 126.

*Montgomery & Hughes,* for appellee.—1. The essential fact in this case sought to be proved, and the only material fact, was that the horses were shipped and a through waybill issued; the contents of the waybill was not material, and, therefore, this essential fact could be proved by parol or other testimony without accounting for or introducing the original waybill. Jones on Evidence, sec. 202; Doolen v. McEwen, 8 Texas, 306.

2. If the plaintiff was lawfully on the train, as a passenger, he was not bound, even if he had the money, to pay his fare a second time to prevent ejection, and, therefore, the fact that he had the money was immaterial. Texas & P. Ry. Co. v. Lynch, 73 S. W. Rep., 65; Railway Co. v. Martino, 18 S. W. Rep., 1068; Railway Co. v. Mackie, 71 Texas, 494.

STEPHENS, ASSOCIATE JUSTICE.—After the case of Lynch v. Texas & Pacific Railway Company, reported in 73 S. W. Rep., 65, was dismissed by the Supreme Court (97 Texas, 25, 75 S. W. Rep., 486), another suit was brought on the same facts, and resulted in a verdict and judgment in appellee's favor in the sum of $1,000, from which this appeal is prosecuted.

The court erred on the last trial in admitting in evidence, over the objection that it was secondary, and not the best evidence, the impression

or letter-press copy of the waybill from Seymour to Texarkana, via the Texas & Pacific Railway from Fort Worth, covering the livestock, with which appellee was carried, on account of which he claimed to be entitled to return transportation. (See King v. Cisco Compress Co., 10 Texas Ct. Rep., 483, and authorities there cited.)

The court also erred in refusing to allow appellee, while on the witness stand testifying in his own behalf, to state, in answer to a question propounded to him by appellant, that, when he was ejected from the train by the conductor, he had in his pocket money abundantly sufficient to pay his fare to Fort Worth, which was excluded on the objection that it was irrelevant and immaterial.

This was one of the circumstances attending appellee's expulsion from the train, and we are not able to say that it was wholly "irrelevant and immaterial" to the issue raised by his claim for damages on account of the humiliation involved in his forcible expulsion from the car. The measure of compensation for such an injury is so indefinite, and must be left so largely to the discretion of the jury, that every circumstance which might properly influence their judgment should be admitted. The first thing that would naturally suggest itself in the effort to reach a just conclusion would be to ascertain, as far as possible, the mental status of the person injured. The suffering of a person who would feel so keenly the humiliation of being put off the train, as an intruder, that he would submit to the wrong of having to pay his fare a second time rather than undergo the humiliation, would be much greater, if forced to undergo it, than of one who, with the ability to prevent it, would deliberately choose to accept disgrace in order to coin his mental anguish. In all such cases it is for the jury to determine whether the person ejected from the car was grievously wronged and humiliated, or was courting an expulsion in order that the "jingling of the guinea" might help the "hurt that honor feels." The fact of appellee's having the money, and refusing the demand for fare, was a circumstance for the consideration of the jury, not only in estimating his capabilities for mental suffering, but also in weighing his testimony as to the actual extent thereof. In line with the above suggestions are the following cases: (Houston & T. C. Ry. Co. v. Ritter, 16 Texas Civ. App., 482, 41 S. W. Rep., 753; Railway v. Dean, 12 Texas Ct. Rep., 434; Railway v. Cole, 29 Ohio St., 126.)

Therefore, not because it was a bar to recovery, but because of its bearing on the amount thereof, the fact that appellee refused to use the money he had in his pocket to save his feelings was a relevant circumstance.

Reversed and remanded.

### ON MOTION FOR REHEARING.

It is suggested in the argument, submitted as a part of the motion, that the opinion on original hearing might admit of the construction that it contained an intimation unfavorable to appellee; but we disclaim any such intimation. We do not controvert the position, assumed in the argument, that a person with the highest sense of honor and pride of character might, with the money in his pocket to pay his fare,

suffer an expulsion from a passenger coach rather than submit to extortion or other act of oppression; but whether, in a given case, expulsion is due wholly to a spirit of resistance to oppression, or, in part at least, to a willingness to suffer a temporary injury to feelings for the sake of ultimate pecuniary gain, or punishment to the carrier, or both, is a question of fact which seems to be raised when a passenger refuses to avail himself of the means at hand to prevent an expulsion attended with serious inconvenience and humiliation. Without, therefore, intending to intimate that appellee was actuated by any but the highest motives, we concluded on the original hearing, and are still of the opinion, that the fact of his submitting to the expulsion, when he could have averted it by paying a few dollars to the conductor, was a circumstance to be considered by the jury in making up the amount of their verdict.

Motion overruled.

*Reversed and remanded.*