HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. v. GORDON MAYES ET AL.

Decided October 24, 1906.

1.—Carrier—Limiting Liability—Notice—Reasonableness.

A contract for shipment of live stock within the State which requires the shipper, as a condition of his right to recover, to give written notice to an agent of the carrier of his claim for damages within a time limited, is not unreasonable nor invalid where the limitation of time for giving notice is not less than ninety days (Rev. Stats., art. 3379) and the agent to whom it may be given is known to or easily ascertainable by the shipper.

2.—Same—Notice to Connecting Line.

Upon a shipment over connecting lines of railway the defendant, receiving it from the initial carrier and executing a new written contract for transporta-

tion over its own line, limiting its liability to damages occurring thereon, and providing for notice to it of any claim therefor, has not thereby adopted or recognized the contract of the initial carrier (Rev. Stats., 331a, 331b), and notice of the claim given to such initial carrier is not a compliance with the contract for notice to such defendant.

### 3.—Carriage of Live Stock—Bedding Cars.

A railway company which beds the cars for transportation of live stock must do so with due care, whether bound by its contract to furnish such bedding or not.

### 4.—Charge—Evidence.

It was error to submit delay in transportation by a carrier as a ground for recovery against it where the contract limited its liability to damages caused on its own line and there was no evidence of delay thereon.

Appeal from the County Court of Llano County. Tried below before Hon. A. E. Moore.

*S. R. Fisher* and *J. H. Tallichet,* for appellants (*Baker, Botts, Parker & Garwood,* general attorneys for Houston & Texas Central Railroad Company; *N. A. Stedman,* solicitor, and *John M. King,* general attorney for International & Great Northern Railroad Company).—The court erred in the tenth paragraph of its charge on the law of the case, because notice of plaintiffs' claim for damages presented to the Houston & Texas Central Railroad Company did not and could not operate as notice of said claim to the International & Great Northern Railroad Company. International & G. N. R. R. Co. v. Heittner, 15 Texas Ct. Rep., 519; Western U. Tel. Co. v. Ferguson, 27 S. W. Rep., 1048; Baldwin v. Western U. Tel. Co., 33 S. W. Rep., 890; Western U. Tel. Co. v. Rains, 63 Texas, 27; Gulf, C. & S. F. Ry. Co. v. Trawick, 68 Texas, 314; Gulf, C. & S. F. Ry. Co. v. Gatewood, 79 Texas, 89; Young v. Western U. Tel. Co., 65 N. Y., 165; Riddlesbarger v. Hartford Ins. Co., 7 Wall., 389.

Stipulation for notice of any claim for damages within ninety-one days from the accrual of same, plead and proved by the International & Great Northern Railroad Company, and shown by the uncontroverted evidence never to have been complied with by plaintiffs, was a complete and absolute bar to any recovery against said defendant if reasonable under all the facts of the case. Same authorities.

Plaintiffs alleged unreasonable and negligent delays, causing damage to their horses and mules, on the line of the Houston & Texas Central Railroad Company, but there was no evidence of any such delays; the court therefore erred in submitting said issue to the jury. Texas & Pac. Ry. Co. v. Birchfield, 33 S. W. Rep., 1022; O'Dair v. Missouri, K. & T. Ry. Co., 38 S. W. Rep., 242; Galveston, H. & S. A. Ry. Co. v. Waldo, 26 S. W. Rep., 1005; Houston City St. Ry. Co. v. Artusey, 31 S. W. Rep., 319. On delay held reasonable see Galveston, H. & S. A. Ry. Co. v. Warnken, 12 Texas Civ. App., 645.

*Johnson & Seiter,* for appellees.—Each of the connecting carriers must be held the agent of the others, and all the others the agents of each, and held to be under a contract with each other and with the shipper, owner and consignee of such property for the safe and speedy

transportation thereof from point of shipment to destination; and such contract as to the shipper, owner or consignee of such property must be deemed the contract of each of such common carriers, notwithstanding any stipulation to the contrary by either of them. Sayles' Civ. Stats., arts. 319, 320, 331a; Acts 24th Leg., 214; Texas & P. Ry. Co. v. Lynch, 94 S. W. Rep., 1093; Thompson v. San Antonio, etc., Ry. Co., 32 S. W. Rep., 427; Houston & T. C. Ry. Co. v. Ney, 58 S. W. Rep., 43; Moses v. Union Pac. Ry. Co., 41 S. W. Rep., 156; Texas, etc., Ry. Co. v. Lynch, 73 S. W. Rep., 65; Gulf, etc., Ry. Co. v. Insurance Co., 28 S. W. Rep., 239; Texas, etc., Ry. Co. v. Randle, 44 S. W. Rep., 603; Galveston, etc., Ry. Co. v. Botts, 55 S. W. Rep., 514; Gulf, etc., Ry. Co. v. Clarke, 24 S. W. Rep., 355; Texas, etc., Ry. Co. v. Avery, 46 S. W. Rep., 897; Galveston, etc., Ry. Co. v. Allison, 59 Texas, 198; Gulf, etc., Ry. Co. v. Wilhelm, 3 Texas C. C. (Willson), 559.

It is competent to introduce any proof, including any check, way-bill, receipt or other instrument issued by said carriers, or either of them, notwithstanding any stipulation or attempted stipulation to the contrary by such carriers or either of them; and if these relations exist between said carriers, notice to one or either of said carriers will be deemed and held to be notice to all of them. Sayles' Texas Civ. Stats., arts. 319, 320, 331a; Acts 24th Leg., p. 214; St. Louis, I. M. & S. Ry. Co. v. Berry, 93 S. W. Rep., 1107; Missouri, etc., Ry. Co. v. Carter, 29 S. W. Rep., 565; Houston & T. C. Ry. Co. v. Ney, 58 S. W. Rep., 44; Galveston, H. & S. A. Ry. Co. v. Botts, 55 S. W. Rep., 514; Galveston, H. & S. A. Ry. Co. v. Botts, 70 S. W. Rep., 113; Texas & Pac. Ry. Co. v. Bigham, 47 S. W. Rep., 814; Texas & Pac. Ry. Co. v. Randle, 44 S. W. Rep., 603; Missouri, etc., Ry. Co. v. Cocreham, 30 S. W. Rep., 1118; Withers v. Missouri, etc., Ry. Co., 32 S. W. Rep., 906; Pitman v. Pacific Express Co., 59 S. W. Rep., 951; Missouri, etc., Ry. Co. v. Darlington, 40 S. W. Rep., 550; Atchison, etc., R. R. Co. v. Grant, 26 S. W. Rep., 286; Missouri, etc., Ry. Co. v. Withers, 40 S. W. Rep., 1073; Texas, etc., Ry. Co. v. Avery, 46 S. W. Rep., 897; San Antonio, etc., Ry. Co. v. Wright, 49 S. W. Rep., 147; Thompson v. San Antonio Ry. Co., 32 S. W. Rep., 427.

It is the duty of a common carrier of live stock to furnish a suitable, safe and properly bedded car, and a stipulation requiring the shipper to furnish same is unreasonable and void. Sayles' Civ. Stats., art. 331a; Acts 24th Leg., p. 214; Hunt v. Nutt, 27 S. W. Rep., 1031; Houston & T. C. Ry. Co. v. Ney, 58 S. W. Rep., 44; Galveston, etc., Ry. Co. v. Botts, 55 S. W. Rep., 514, 70 S. W. Rep., 113, and authorities cited above.

FISHER, CHIEF JUSTICE.—This was a suit by Gordon Mayes and I. W. Williams against the Houston & Texas Central Railroad Company, the International & Great Northern Railroad Company, and the Texas & Pacific Railway Company, to recover $670 damages to a shipment ·of thirty head of horses and mules, made October 4, 1904, from Llano, Texas, to Waskom, Texas, over the lines of said ·defendants, thence overland to Shreveport, Louisiana, thence by rail to Jackson, Mississippi. Trial October 20, 1905, resulted in a verdict and judgment for plaintiffs

against the Houston & Texas Central Railroad Company for $167.50, against the International & Great Northern Railroad Company for $167.50 (both said sums with interest at 6 percent per annum from October 6, 1904), and in favor of the Texas & Pacific Railway Company. From this judgment the appellants have appealed.

There is no error by either party assigned questioning the judgment in favor of the Texas & Pacific Railway Company. Therefore, as to it, the judgment below stands affirmed.

The shipment is treated as wholly within this State, from Llano to Waskom, both places in Texas, although ultimately extended to Jackson, Mississippi. The appellees relied upon a parol contract of shipment made with the first named road, from Llano to Waskom, point of destination. The connecting lines over which the stock was transported were the other two named roads. Subsequent to the verbal contract with the Houston & Texas Central Railway, and after stock were loaded at Llano for shipment, the appellees and that road entered into a written contract wherein the liability of the latter was limited to its own line, and the burden was imposed upon the shipper to load and unload and feed and water the stock while in transit. When the shipment reached McNeill, the connecting point with the International & Great Northern Railway, the appellees were then required to and did enter into a written contract with the International & Great Northern Railway for the transportation of the stock to Longview, with Waskom named as destination. This written agreement prescribed that the railway company would not be liable for any damages not caused by its negligence, and that appellees should load and unload, feed and water the stock, and should furnish the bed and bedding required in the cars, and should as a condition precedent to their right to recover damages, give within ninety-one days written notice to some general officer or agent of the company of the loss, damages or injury sustained.

The answer of the last named road charges the plaintiffs with a knowledge of the names and existence of agents of the road at certain places, and avers that the notice required by the contract was not given. This written contract was also pleaded in order to show a breach in the contract of shipment as made with the Houston & Texas Central Railway Company.

The written contracts were attempted to be avoided on the ground that they were executed after the cattle were loaded upon the cars, without any additional consideration, and under circumstances showing duress, and that their terms were unjust and unreasonable. In other words, the purpose was to bring the plaintiffs' case within the principles discussed in Carter's Case, 29 S. W. Rep., 565.

The plaintiffs pleaded as negligence that both roads unreasonably delayed the shipment, and both were guilty of rough handling and treatment of the stock; that they both and each failed to properly bed the cars, and that the cars were negligently bedded by permitting rocks to be mixed with sand, and that nails were permitted to project on the inside of the cars to such an extent as to cause injury to the animals.

Whether the theory of the plaintiffs that the verbal contract should control finds support in the evidence, is a question that we need not determine, because the trial court in subdivision 10a of its charge,

which appellees do not object to, instructed the jury that the rights of the parties should be governed by the written contracts; but further instructed them that any unjust or unreasonable stipulations therein contained were not binding upon the plaintiffs. This instruction, presumably acquiesced in by appellees, excluded from the consideration of the jury the verbal contract, and permitted them only to consider the rights of the litigants as determined by those provisions of the written agreements which were reasonable and just. Therefore upon this branch of the case we must treat the written contracts as binding and fixing the rights of the parties, except as to those stipulations, if any, that should be held unreasonable. With this statement we will consider the record as it affects the I. & G. N. R. R. Co.

Article 3379, Sayles Civil Statutes in effect provides that the shipper and carrier may enter into a contract requiring notice of the claim of damages to be given the carrier as a condition precedent to the right to sue, provided such stipulation is reasonable, and that the time fixed shall not be less than ninety days. And further says that such notice may be given to the nearest or other convenient local agent. The facts pleaded by the I. & G. N. Ry. bring the contract within the provisions of this statute; and the appellees in reply, by a supplemental petition, do not allege that this particular stipulation of the contract is unreasonable, or point out any facts which would make it so. All that they allege upon this subject are the facts tending to avoid the written contract in toto, and a general statement that the contract was to be wholly performed in this State, and that as the same was without consideration, and was unreasonable, it was a limitation upon their liability as a common carrier which they contend avoids the entire contract as written. Of course, since the passage of the act above quoted, it is permissible and lawful for the parties to enter into a contract, provided it is reasonable, requiring a notice not less than 90 days after injury of the presentation of a claim for damages, and upon failure to do so, suit will be barred. In the case made by the appellant in urging this stipulation there was nothing to suggest that it was not reasonable, and if we could assume that the burden was upon it to establish the facts showing that it was reasonable (Houston & T. C. Ry. v. Davis, 88 Texas, 594) the pleading presenting the issue and the evidence in support of it clearly meet this requirement. The trial court having settled the matter that the written contract should govern, and the stipulation referred to being permitted by the statute, and there being no issue that this particular stipulation was inserted into the contract by fraud or mistake, we must determine the reasonableness of the stipulation by the circumstances existing within the time when the shipper is required to perform it. To so consider the matter it appears upon the face of the instrument that it was not limited to a less time than allowed by law. The petition of the plaintiffs alleges and admits that the appellant I. & G. N. R. R. Co. has an agent at Austin, Texas. The evidence shows that he signed a written contract with the appellant's agent at McNeil, the point of connection with the H. & T. C. Railway. The plaintiff Mayes testified that he presented no claim himself, but it was only presented through his attorneys, and he says while he does not know the name of the agent at McNeil, he had dealings with him, and

his evidence shows that he knew there was an agent at that place; and a reference to the written contract which the court held binding upon Mayes shows that the agent signed same and gives his name. Johnson, the attorney of the plaintiffs, testified that no claim was ever presented to an agent of the I. & G. N. Railway, but the only claim that was presented was to an agent of the H. & T. C. Railway. In fact the record shows that the plaintiffs relied upon a notice alone to the H. & T. C. Railway as being sufficient to hold all of the carriers, and it is not claimed or asserted by plaintiffs that they did not know of the name or whereabouts of some agent of the I. & G. N. Ry. Co. to whom notice could be given. In fact, the only reasonable conclusion that can be reached, as indicated by the record, is that the plaintiffs or their attorneys to whom they testify they entrusted this matter, did know, or by the exercise of ordinary diligence could have known, the name, address and residence of some agent of the railway company. There is no pretense of any waiver of this stipulation by the railway, or that it has in any manner misled or deceived the plaintiff in relation to its effect or enforcement. Consequently, the conclusion can only be reached that the undisputed facts show that the stipulation is reasonable and should be enforced, unless the trial court was correct in the legal conclusion that the notice and claim presented to the H. & T. C. Ry. Co. was binding upon the I. & G. N. R. R. Co.

The court in paragraph ten of its charge instructed the jury that the notice in writing given by the plaintiffs to the H. & T. C. Ry. Co. of the claim for damages within the ninety days, was notice to and binding upon the I. & G. N. Ry. Co. This instruction was evidently based upon the idea that the contract in question came under the provisions of arts. 331a and 331b, Sayles Civil Statutes. In other words, that it was a through contract of shipment, recognized, acquiesced in or acted upon by the connecting carriers, and that in such a case, as the statute made each the agent of the others, notice to one was sufficient for all. If the contract in question was susceptible of this construction, the charge was correct. But the undisputed facts in the record negatives such a conclusion. As before said, the trial court in its charge gave effect to the written contracts, and construed them to be binding, except as to the terms that were unreasonable, and we having determined that they were not objectionable on the ground stated, it only remains to see whether the shipment was made on independent contracts, or was based upon a contract for through shipment, which was acted upon or recognized and acquiesced in by the I. & G. N. Ry. Co. It is conceded that notice was given to the H. & T. C. Ry. Co. This court in Gulf, C. & S. F. Ry. v. Short, 51 S. W. Rep., 262, held that it was not the purpose of articles 331a and 331b to deny the right of one or more connecting carriers to execute separate and independent contracts, limiting its liability, but that the statute provided for joint liability only when the contract of through carriage was recognized, acquiesced in or acted upon by the carriers. And this is substantially the construction placed upon the law by the Supreme Court in Texas & P. Ry. v. Lynch, 7 Texas Ct. Rep., 806, 97 Texas, 29. The appellee admits in his evidence that at McNeil he executed and signed the contract with the I. & G. N. Ry. Co. He does not claim that he then offered any objection to sign-

ing and executing same, but that he did not read it and supposed it was a pass, and he admits that he retained a duplicate of it and turned it over to his attorney. The trial court has, without objection from appellees so far as the record shows, held them bound by these written contracts, except as to any unreasonable provisions they may contain. The written contract was voluntarily executed, and it contained an express stipulation that the I. & G. N. Ry. Co. only agrees to transport the stock from McNeil to Longview, and this would confine the transportation to its own line. There is certainly nothing unreasonable about this; nor is the stipulation that liability is limited to damages occurring on its own line unreasonable. There is not a word in the contract that recognizes the contract previously made with the H. & T. C. Ry. Co. But the fact that the written contract with I. & G. N. Ry. Co., which is complete in its terms, and which was exacted by it from appellees and which they admit executing, and the transportation was in part of the route had by virtue of its terms, is, in the absence of evidence to the contrary, conclusive of the fact that the I. & G. N. Ry. did not acquiesce in or act upon the contract made with the other carriers.

The contracts construed in the two cases last cited are no stronger in favor of the carrier than the one under consideration; yet in both it was held that the contracts were independent. Such being the condition of the case as to the I. & G. N. Ry., and the evidence conclusively showing that no notice of claim for damages was given it within the time required, which the facts show to be reasonable, the judgment below as to this road will be reversed, and here rendered to the effect that as to it appellees take nothing, and that it go hence with its costs.

In disposing of the fourth and fifth assignments of error it is only necessary to state that the disposition of the case as to the I. & G. N. Ry. obviates a ruling upon the admissibility of this evidence as to it. We have held that the notice to the H. & T. C. Ry. was not binding upon the I. & G. N. Ry. Co., and clearly it can not be maintained that the expression in the letter from Dunlap, the agent of the H. & T. C. Ry., to the appellees that he had taken the matter up with the I. & G. N. Ry. could be used as evidence against the latter road. It was not a party to the letter, nor was Dunlap, its agent, and what may have been said by Dunlap was as to it mere hearsay.

The charge of the court complained of in subdivision 10a is abstractly correct, but we fail to find any evidence tending to show that the stipulations with the H. & T. C. Ry. were unreasonable. The court having held the contracts to be binding, there was nothing shown which had a tendency to establish the fact that it was unreasonable for the H. & T. C. Ry. to provide against liability for loss or damage on other lines of road; nor that the plaintiff should unload and reload and feed and water, while the property was in the possession of its road. But as to feeding and watering, it is not claimed that the H. & T. C. Ry. was negligent, but it is claimed that it improperly bedded the car, and there is evidence supporting that charge. The appellant H. & T. C. Ry. in its brief does not contend that the contract required the plaintiffs to bed the car, and the evidence upon this point is that the car was bedded by the H. & T. C. Ry., and it having undertaken this service, whether

bound to do so or not, it must exercise at least ordinary care to see that the car was properly bedded.

The first assignment complains of the fifth paragraph of the charge on the measure of damages. When considered in connection with other parts of the charge, it is not objectionable as complained of.

The seventh assignment of error, which complains of the fourth paragraph of the charge, which permits the jury to take into consideration delays occurring on ·the H. & ·T. C. Ry. as against it, is well taken. There is no evidence that any delays occurred on that road, but that of plaintiff is to the contrary.

The disposition made of the I. & G. N: Ry. relieves us of the necessity of passing on the other assignments.

*Judgment affirmed as to T. & P. Ry., and reversed and rendered as to I. & G. N. Ry. Co., and remanded as to H. & T. C. Ry. Co.*