## PARRISH v. JOHNSON.
### No. 9644.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 13, 1935.

Rehearing Denied Jan. 8, 1936.

T. H. Burruss, of Corpus Christi, for appellant.

B. H. Kirk, of Robstown, for appellee.

BOBBITT, Justice.

On August 8, 1934, the judge of the 117th district court of Nueces county, after a hearing, entered judgment allowing certain claims and rejecting others, in a proceeding appealed from the probate court of such county, in the matter of the estate of R. A. Parrish, deceased. Mrs. Jennie Lynn Parrish, appellant herein, prosecutes this appeal from that portion of such judgment which confirmed the action of the probate court in allowing the claim of appellee on four notes executed by her deceased husband and secured by a deed of trust lien on certain properties in the city of Robstown.

Appellee appeals from that portion of such judgment of the district court which decrees that appellee is liable for the uncollected rents for the use of property owned by the estate of Parrish, deceased, while in charge of appellee, as executor of the estate, he not having required security for the rents, in accordance with the statutory requirements in such matters.

The facts are undisputed. Appellee, Walter Johnson, prior to the death of R. A. Parrish, was the friend and business adviser of the deceased. He assisted him in the management of his properties and loaned him sums of money from time to time. Upon the death of R. A. Parrish, his will was admitted to probate and appellee qualified as executor of the estate. Within six months after his qualification as such executor, appellee filed four claims of his own against the estate of the testator, in the form of statements of balances alleged to be due him on four certain promissory notes, in the aggregate amount of $5,256. Each claim was accompanied by the statutory affidavit, in which reference was made to a deed of trust executed by the testator to secure the note. The appellant, Mrs. Jennie Lynn Parrish, the residuary legatee under the will, filed objections to the approval of these claims, but her objections were overruled by the judge of the probate court, the claims allowed, and the district court in its judgment upheld the action of the probate court in this respect.

The four original promissory notes were not filed with the claims originally, and were not presented to the court and filed until more than two years after appellee had qualified as executor.

The record shows that appellee qualified as executor under the will of deceased, April 19, 1932, and that the four original notes in question were filed in the probate court on April 30, 1934, attached to an answer filed by appellee in that court. The said notes, when thus filed, were not accompanied by the affidavit required by article 3514, R.S. 1925.

Appellant presents two propositions. The first is that the four promissory notes executed by R. A. Parrish, deceased, to Walter Johnson, are barred as claims against the estate of said deceased, because appellee, Johnson, did not file said original notes in the court granting his letters until April 30, 1934, and that said notes when filed were not accompanied by the statutory affidavit.

Appellant's second proposition is that the filing of the claim in the form of a statement by appellee as executor, setting out a complete description of the notes and indebtedness, though accompanied by the requisite statutory affidavit, was not the filing of a claim as contemplated by law; but that the original notes themselves constitute the claim, and that the claims in the form of statements thus filed by appellee, Johnson, though filed within the statutory time, should not have been approved as claims against said estate.

■ The trial court found that the claims of appellee on such notes were filed within six months after the qualification of the executor as such, and approved the allowance of such claims by the probate court. The fact that the original notes forming the basis of the claims were not themselves filed at such time has no bearing upon the validity of the claims. The notes are simply evidences of the debt. The statute nowhere requires the filing of the original notes in connection with a claim against an estate; and appellant's contention that the original notes themselves constitute the claim and the failure to file the same within the statutory period has the result of barring the debt is overruled. Under the agreed statement of facts in the record before us, we hold that the trial court properly approved the allowance of the claims in question by the probate court. There is no question raised as to the justness of the debt. The only proposition presented by appellant, in an effort to defeat the claims, is, as above asserted, the mere failure of appellee to file the original notes in the probate court, within the time provided by statute for the filing of claims against an estate. Articles 3502 to 3529, and article 3515a, Vernon's Ann.Civ.St. Trigg v. Moore, 10 Tex. 197; Altgelt v. Elmendorf (Tex.Civ.App.) 86 S.W. 41; 11 R.C.L. 194, Sec. 214.

■ Title 54, chapter 20, of the Revised Statutes, 1925, provides for the renting of property by the legal representatives of an estate and requires the taking of security for rents of the property of the estate. It is the policy of the law to carefully safeguard the interests and property of an estate, and the legal representatives are properly and closely regulated by appropriate statutes for such purpose. Article 3548 specifically provides for the renting of the property of an estate by the executor and makes him personally liable for unsecured rents.

It is undisputed in the instant case that appellee, as such executor, did not comply with the terms of the statutes in respect to the taking of security for the payment of the rents for the property in his charge; and the trial court having heard the testimony, and having entered judgment against appellee herein in the amount of the uncollected and unsecured rents, we affirm such judgment.

Finding no error on the part of the trial court herein, it is our opinion that its judgment should be in all things, affirmed, and it is so ordered.