MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ET AL. v. R. D. BUMPAS ET AL.

Decided March 4, 1905.

**Venue—Connecting Lines of Railroads.**

The Act of 1899, prescribing the venue of suits against railroad corporations (Gen. Laws 1899, p. 214), does not authorize a suit for damages occurring to freight on a through shipment to be brought against a part of the connecting lines involved in a county through which only one of the lines extends, where such latter line is not made a party defendant, and no liability is claimed against it.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

*Bryan & Whittaker,* for appellants.—Where cattle are shipped over several connecting carriers, and where neither of the said carriers, except the initial carrier, operates its line of railway in the county where the suit is brought, and where the initial carrier is not sued by the plaintiff, and where the other connecting carriers plead their privilege to be sued in the county of their residence, negativing all of the exceptions of the statute which would give jurisdiction to any court except the county of their residence, it is error for the court to overrule said pleas and to entertain jurisdiction over the other carriers. Acts of 1899, p. 214, chap. 125; Railway v. Forbis, 79 S. W. Rep., 1075; St. Louis, I. M. & S. Ry. Co. v. White & Co., 80 S. W. Rep., 77, 75 S. W. Rep., 486.

STEPHENS, Associate Justice.—This appeal is from a judgment against the Missouri, Kansas & Texas Railway Company of Texas for $355, and against the Missouri, Kansas & Texas Railway Company for $745, with interest as part of the damages from April 15, 1904, the suit having been brought against said two companies, as common carriers, to recover damages caused by their negligence in the transportation of cattle belonging to appellees from Fort Worth, Texas, to National Stockyards, Illinois.    The cattle were first received by the Texas & Pacific Railway Company at Abilene, Texas, consigned to National Stockyards, Illinois, and were carried by it to Fort Worth, the end of its line, where they were delivered to the Missouri, Kansas & Texas Railway Company of Texas, the next carrier.    All the damages claimed resulted from injuries done after the cattle left the line of the Texas & Pacific, and, while it was alleged that the cattle had been transported over the three railroads, no joint liability was alleged against them, and no liability whatsoever was alleged against the Texas & Pacific, and it was consequently not made a party to the suit.    The two companies sued, by separate pleas filed and presented at the proper time, and in due order, denied the right of appellees to sue them in Taylor County, Texas, and pleaded the privilege of being sued elsewhere, one of them in Grayson and the other in Dallas County.    These pleas negatived every fact that would warrant the institution of the suit in Taylor County, unless the bare fact that the cattle had been transported over the three roads named warranted it. The court found the facts alleged in the pleas to be true, but denied the privilege claimed, doubtless on the authority of the following Act of the Legislature: "An Act to prescribe the parties to and venue of suits against railroad corporations and assignees, trustees and receivers operating any railway over whose transportation lines, or parts thereof, any freight, baggage or other property has been carried during transportation:" "Section 1.    That whenever any freight, baggage or other property has been transported over two or more railroads operating any part of their roads in this State, and having an agent in this State, or operated by any assignees, trustee or receiver of any such railways, suit for loss or damages thereto, or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad corporations, assignees, trustees or receiver operating any of such railways in any county in which either of such railroads extends or is operated; provided, however, that if damages be recovered against more than one carrier, not partners in the shipment or contract, they shall be apportioned between the defendants by the verdict of the jury and the judgment of the court, or by the judgment alone, should no jury be demanded; provided, this Act shall not change venue in any case now pending."    (Gen. Laws Texas, 1899, p. 214, chap. 125.)

This case is not to be distinguished, we think, from that of Atchison, T. & S. F. Ry. Co. v. Forbis (3 Texas Law Jour., 924, 79 S. W. Rep., 1075), which, however, was decided by this court after the ruling was made herein.    We see no reason to change the construction placed on the Act of 1899 in the Forbis case.    The object of that Act, as indicated in the caption, was "to prescribe the parties to and venue of suits against railroad corporations" in certain cases.    It was not the primary

purpose of the Act to prescribe venue, for ample provision on that subject, apart from the question of parties, had already been made by the Legislature. What the shipper needed was a law that would enable him to join in one suit two or more connecting carriers, separately, though not jointly, liable to him for damages growing out of one continuous shipment, and the evident object of the Act of 1899 was to supply this want, the provision as to venue being at least subordinate, if not merely incidental. The inconvenience to the shipper of having to bring two or more separate suits to recover the damages sustained in one shipment over different lines, together with the inherent difficulty of his making an apportionment of the damages among the companies liable, was doubtless what prompted the enactment of the law. It could not have been the purpose of the Legislature to authorize a suit against a carrier not claimed to be liable for any part of the loss sustained, and the language, "suit . . . may be brought against any one or all of such railroad corporations . . . in any county in which either of such railroads extend[s] or is operated," evidently has reference to such railroad corporations only as are liable or claimed to be liable for damages. Such corporations are the "defendants" mentioned in the proviso of the Act among whom damages are to be apportioned. We interpret the law to mean that suit may be brought against any one or all of the connecting carriers claimed to be liable for damages to property carried by them in any county in which the railroad, or either of them—that is, if those claimed to be liable—extends or is operated, and that the situation or operation of the railroad of a company not sued, and not alleged to be in any manner liable for damages, does not affect the venue.

The judgment is therefore reversed and the suit dismissed.

*Reversed and Dismissed.*