ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY v. WADDELL
BROTHERS ET. AL.

Decided June 14, 1905.

1.—Venue—Connecting Carriers—Plea of Privilege.

Where freight was shipped over several connecting lines under a contract limiting the liability of each carrier to its own line and constituting a separate contract with each of them, the shipper had not the right to sue one of them, for damages occurring on its line and occasioned by it alone, in a county where it had no agent and through which its line did not extend, and its plea of privilege should have been sustained.

2.—Jurisdiction—County Court—Amount—Fraudulent Allegation of.

Where plaintiff sued in the County Court for damages to cattle during shipment, and the undisputed evidence showed that he had previously contracted to sell them to the party to whom they were shipped, and that he received from such purchaser the contract price, less $100 deduction for injuries in the transportation, defendant's plea to the jurisdiction setting up that the allegation of a larger amount of damages was fraudulently made, should have been sustained.

Appeal from the County Court of Mitchell. Tried below before
Hon. L. M. Murphy.

Ed. J. Hamner and J. W. Terry, for appellant.—1. In order to maintain suit against a railroad company in a county through or into which it does not operate its road, it is necessary that some liability growing out of the contract of shipment sued on shall exist against a connecting carrier in the shipment which operates its line of railroad in the county where the suit is brought. Railroad v. Lynch, 79 S. W. Rep., 486; Railroad v. Forbis, 79 S. W. Rep., 1074.

2. Appellant having pleaded under oath that the amount in controversy growing out of the causes complained of by appellees could in no event be greater than $100, and that appellees knew this fact when they filed their petition, and that the amount of damages as alleged was claimed for the sole and only purpose of conferring jurisdiction upon the County Court, when it otherwise would not have had same, and there being ample evidence to sustain this plea, the court erred in refusing to submit the issue to the jury when requested to do so by appellant. 1 White & Willson's Con. Civ. Cas., sec. 154.

NEILL, ASSOCIATE JUSTICE.—W. N. and T. N. Waddell, alleging they were partners, sued the Texas & Pacific Railway Company, the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company in the County Court of Midland County for damages to a shipment of cattle made from Odessa, Texas, to Fort Worth, Texas, over the line of the Texas & Pacific Railway Company, and from Fort Worth to Kansas City, Missouri, over the lines of the Gulf, Colorado & Santa Fe Railway Company and appellant. Plaintiffs alleged that the Texas & Pacific Railway Company contracted with them for itself and its codefendants to deliver the shipment of cattle to the Missouri Pacific Railway Company at Kansas City, Missouri, to be from thence transported by said company and de-

livered at Lexington, Missouri; that the cattle were injured by the negligence of defendants in transit, to plaintiffs' damage in the sum of $450.

The Texas & Pacific Railway Company answered by a general demurrer, a general denial, and specially denied that it contracted with plaintiffs and its codefendants to deliver the cattle to the Missouri Pacific Railway Company at Kansas City; but, on the contrary, alleged that it only contracted to transport the cattle over its own line of railroad, and that, by the terms of the contract, its liability was limited to its own line.

The Gulf, Colorado & Santa Fe Railway Company plead its privilege of being sued in Galveston County, Texas, and afterwards, in the event such plea should not be sustained, plead matters in bar, not necessary to mention here.

Appellant, the Atchison, Topeka & Santa Fe Railway Company, filed a plea in abatement to the jurisdiction of the court, claiming its privilege of being sued in El Paso County. In this plea appellant alleged that it is a foreign corporation, incorporated under the laws of Kansas; that it operates its own line of railway through the Territory of Oklahoma and the States of Kansas and Missouri, but does not own nor operate any part of its railroad in the State of Texas, and that no part of its road extends into Texas or in any county thereof. That it does operate, under a lease approved by the Texas Railroad Commission; the railroad of the Rio Grande and El Paso Railway Company, extending from the boundary line of the State of Texas to El Paso in the State of Texas, a distance of 20.19 miles; that none of the defendants except the Texas & Pacific Railway Company, owned or operated any railroad or part of a railroad in Midland County, Texas, nor did they own or operate any railroad in said county when this suit was filed, nor have they ever owned or operated any railroad in said county. That the Atchison, Topeka & Santa Fe Railway Company is doing business in the State of Texas and has a local agent in El Paso County, Texas (whose name is given in the plea), and has a local office there for its freight, passenger, and traveling freight and passenger agents, whose names are set out in the plea; that it has no office, agency, officer, agent or representative of any character whatsoever in Midland County, and never had; that its principal office is not in the State of Texas, but at Topeka in the State of Kansas; that said defendant is not sued for any crime, trespass or fraud committed in Midland County, Texas; that defendant and the Texas & Pacific Railway Company are not partners nor agents, and no relation of partnership or agency of any character whatever exist between them, and none existed at the time of the shipment involved in this suit, and none has ever at any time existed; that the shipment involved was made over defendant's line of railroad under and by virtue of a written contract made with plaintiffs about November 6, 1903, at Fort Worth in Tarrant County, Texas, and defendant had no connection whatever with any contract made by the plaintiffs with the Texas & Pacific Railway Company, and if the Texas & Pacific Railway Company or any one else made or executed any contract with plaintiffs for or on behalf of defendant, the same was executed without its authority; that this is

not a suit for personal property or the recovery thereof, and no other ground exists under the laws to give jurisdiction to try this case as against this defendant in the courts of Midland County, Texas, and all allegations contained in the pleadings of this case which would have the effect of laying venue as against this defendant in Midland County, Texas, are untrue and were falsely and fraudulently made for the sole purpose of giving jurisdiction; and that all the facts stated in this plea as now existing existed in all respects the same at the time of plaintiffs' shipment involved in this case and have so existed ever since; that it appears from the face of plaintiffs' petition, and it is a fact, that no part of the cause of action sued on and no act of this defendant constituting any part of said cause of action ever existed, occurred, happened or transpired in Midland County, Texas, but the same entirely transpired outside the limits of the State of Texas; that plaintiffs have falsely and fraudulently joined in this suit the Texas & Pacific Railway Company as defendant with this defendant for the sole and only purpose of endeavoring to secure jurisdiction of the person of defendant in the County of Midland and State of Texas; that it appears from plaintiffs' petition that their cause of action, insofar as it relates to the Texas & Pacific Railway Company, is not within the jurisdiction of this court; nor did this defendant or its codefendant, the Gulf, Colorado & Santa Fe Railway Company, have any connection or relation whatever with said contract out of which arose the cause of action against the Texas & Pacific Railway Company, and it further appears from said petition that the contract out of which arose the cause of action between plaintiffs and this defendant, and the Gulf, Colorado and Santa Fe Railway Company, was and is entirely independent of and disconnected with, having no relation to, the contract between plaintiffs and the Texas & Pacific Railway Company out of which arose the cause of action against this defendant. This plea was duly verified by affidavit.

The plea of privilege having been submitted to the court and evidence heard thereon, was overruled, as well as the plea of privilege of the Gulf, Colorado & Santa Fe Railway Company. After the pleas of privilege were heard and overruled by the court, the two last named railway companies filed a plea under oath to the jurisdiction of the court in which they alleged that the amount in controversy was less than $200, and that the allegations laying the damages at a greater amount were falsely and fraudulently made for the purpose of giving the court jurisdiction. These two railway companies then answered by special exceptions and pleas in bar of plaintiffs' action. The case was tried before a jury which returned a verdict in favor of plaintiffs against appellant for $100, with interest at six percent from November 13, 1902. The jury also returned a verdict in favor of the Texas & Pacific Railway Company and the Gulf, Colorado & Santa Fe Railway Company. From the judgment entered against appellant on the verdict, this appeal is prosecuted.

The undisputed evidence, shown by the bill of exceptions taken to the action of the court in overruling appellant's plea of privilege, establishes beyond a doubt all the allegations in said plea. It is likewise shown by the uncontradicted evidence that the contract made

between plaintiffs and the Texas & Pacific Railway Company was in writing and was made, as shown upon its face, by said railway company for itself alone, and in no way bound or affected appellant. This contract only bound the Texas & Pacific Railway Company to transport the cattle from Odessa to Fort Worth, Texas, and there deliver them to its connecting carriers, and limited its liability to such damages as might occur on its own line of railway. No damages were shown, nor was there any evidence tending to show any, to have occurred on the line of the Texas & Pacific Railway Company. The cattle were safely transported by it to Fort Worth without delay and there delivered to the Gulf, Colorado & Santa Fe Railway Company. There was, however, evidence of a few hours' delay at Fort Worth in transferring the shipment from the Texas & Pacific Railway Company to the Gulf, Colorado & Santa Fe, but there is no evidence tending to show that any damages were occasioned by it. The cattle were then transported, without delay or any injury or damage, by the Gulf, Colorado & Santa Fe Railway Company to Purcell, its terminus, in the Indian Territory, and there delivered to appellant railway company. From Purcell they were transported with reasonable dispatch, and without damage or injury, to Kansas City, Missouri. But instead of delivering them there, as it should have done, to the Missouri Pacific Railway Company to be transported to Lexington, Missouri, they were carried by appellant from Kansas City to Lexington Junction, which is on the opposite side of a large river from Lexington, where they were held for about two days and then carried back by appellant to Kansas City, and afterwards delivered to the Missouri Pacific Railway Company, as should have been done at first, for transportation to Lexington. They were transported by the last named company to Lexington and there delivered to Walter B. Waddell, to whom plaintiffs had sold the cattle prior to the date of their shipment from Odessa, at $20 per head, and who paid plaintiffs the full purchase price, less $100. The $100 deducted from the purchase price was on account of damages occasioned by the negligence of appellant in failing to deliver them to the Missouri Pacific Railway Company when they arrived at Kansas City for transportation to Lexington. There was no testimony reasonably tending to show that the cattle were damaged while in possession of defendants in a greater sum, and this damage is shown by the undisputed testimony to have resulted from appellant's negligence in the State of Missouri, and that neither of its codefendants were in any way responsible or liable for it.

*Conclusions of Law.* In view of the decision of the Supreme Court in Texas & Pacific Railway Company v. Lynch, 75 S. W. Rep., 486, and of the opinion of the Court of Civil Appeals of the Second District in Atchison, Topeka & Santa Fe Railway Company v. Forbis, 79 S. W. Rep., 1047, we are of the opinion that, upon the undisputed evidence, appellant's plea of privilege should have been sustained by the trial court and the cause as to it dismissed. We will say, however, that we do not clearly perceive the distinction sought to be drawn by the Court of Civil Appeals of the Second District between the cases cited

and the case of Atchison, Topeka & Santa Fe Railway Company v. Williams, 86 S. W. Rep., 38. It certainly was never contemplated that a defendant could be deprived of the privilege, vouchsafed him by the law, of being sued in the county of his domicile by reason of allegations by the plaintiff, known by him to have no foundation in fact, and fraudulently made for the sole purpose of conferring jurisdiction where none exists and of depriving the defendant of a privilege guaranteed him by the law.

Appellant's plea to the jurisdiction of the subject matter also should have been sustained. For appellees were only entitled to such compensation, as damages, as would make them whole. This could not exceed the $100 and interest thereon, which they lost on the contract of sale. St. Louis & S. F. R. R. Co. v. McDurmitt Grain Co., 13 Texas Ct. Rep., 125.

Because, upon the undisputed evidence, the trial court should, under the law, have sustained appellant's pleas of privilege and to the jurisdiction of the subject matter, its judgment against appellant is reversed and the cause as to it dismissed. The judgment in favor of the Texas & Pacific Railway Company and the Gulf, Colorado & Santa Fe Railway Company is affirmed.

*Reversed and dismissed.*