MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, OF TEXAS, V. ELLIOTT & DIAL ET AL.

#### No. 1462. Decided November 9, 1905.

**1.—Railways—Connecting Lines—Limiting Liability.**

In a through contract for interstate shipment over two connecting lines of railway, a limitation of the liability of each to losses occasioned in transportation over its line is valid, though each operates a part of the line within the State of Texas. (Pp. 288, 289.)

**2.—Same—Statute.**

The main purpose of the Act of May 26, 1899 (Chap. 125, p. 214), was to fix the venue and authorize the joinder as defendants of all railroads participating in the transportation, and not to affect the contract rights of parties, and the provision for apportionment of damages shows that it was to be made only between defendants who were separately liable to plaintiff. (P. 289.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Raines County.

*T. S. Miller, B. M. McMahan* and *Perkins, Craddock & Wall,* for appellant.—In an interstate shipment a clause in the contract of an initial carrier that such carrier shall be liable only for negligence occurring on its own lines, is valid and binding, and it was error to ignore this and charge that if it was found that the connecting carrier, M. K. & T. Ry. Company, owned or operated any of its lines in Texas, and had agents therein, then a verdict should be found against appellant, the initial carrier, for all damages whatever, whether occurring on its own line or that of said company. Texas & Pac. Ry. v. Byers Bros., 73 S. W., 427.

*Rodes & Berzett* and *Wynne & Blanks,* for appellees.—Wherever any freight has been transported over two or more railroads, operating any

part of their railroads in this state, and having an agent in this state, suit for loss or damage thereto, or other cause of action connected therewith, or arising out of such transportation, or contract in relation thereto, may be brought against any one or all of such railroad companies, operating any of such railways in any county in which either of such railways extends or is operated. Acts 26th Leg., 1899, p. 214; International & G. N. Ry. Co. v. Jones, 2 Texas Ct. Rep., 613.

A shipper loading cattle on cars under parol contract not limiting common law liability, parol contract will govern, though a written contract was signed by him without reading as cars were starting. Missouri, K. & T. Ry. Co. v. Carter, 9 Texas Civ. App., 677; San Antonio, etc., Ry. Co. v. Wright, 20 Texas Civ. App., 137; Galveston, etc., Ry. Co. v. Botts, 22 Texas Civ. App., 611; Gulf, etc., Ry. Co. v. Stanley, 29 S. W., 807; Withers v. Missouri, etc., Ry. Co., 32 S. W., 906.

BROWN, Associate Justice.—This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District. The statement and questions are as follows:

"The Missouri, Kansas & Texas Railway Company, of Texas, owns and operates a railroad from Emory to Denison, in Texas. Its road extends a short distance beyond Denison to Red River, but does not go beyond the limits of the state. The Missouri, Kansas & Texas Railway Company operates a railroad from Denison, Texas, to St. Louis, Mo., using the track of the Missouri, Kansas & Texas Railway Company, of Texas, between Denison and Red River.

"Elliott & Dial shipped three carloads of cattle from Emory, Texas, to St. Louis, Mo., over the two lines of road referred to, and thereafter brought suit against the Missouri, Kansas & Texas Railway Company, of Texas, for damages alleged to have been caused by delays and rough and negligent handling while the property was in transit.

"In its answer the defendant alleged that the shipment was made under a written contract, by the terms of which its liability was limited to its own line.

"By supplemental petition the plaintiffs alleged that the contract referred to was without consideration and void, and that the shipment was made under an oral contract for through transportation. Verdict and judgment were rendered for the plaintiffs and the defendant has appealed.

"The testimony tended to show that most of the misconduct complained of by the plaintiffs occurred after the shipment had passed out of the defendant's possession and while it was in the possession and on the line of the connecting carrier, the Missouri, Kansas & Texas Railway Company. Whether or not the shipment was made under an oral or written contract was, under the testimony, an issue which should have been submitted to the jury. The defendant put in evidence the written contract signed by the plaintiffs, in which it was stipulated that the defendant undertook to transport the shipment only to Denison, and there deliver it to the connecting carrier, and limiting the defendant's liability to injuries inflicted while the property was in its custody.

"The trial court held and instructed the jury that if the connecting

carrier, the Missouri, Kansas & Texas Railway Company, owned or operated any part of its line in Texas, and had an agent in Texas, the defendant, the Missouri, Kansas & Texas Railway Company, of Texas, would be liable for injuries to the property caused by the negligence of the connecting carrier, in addition to such as were caused by the negligence of the defendant.

"The charge referred to is assigned as error, and we think the assignment must be sustained, unless, as contended by counsel for appellees, it was authorized by Chapter 125, Acts of 1899 (page 214), which provides that when property has been transported over two or more railroads operating any part of their roads in this state, suit for loss or damage thereto may be brought against any or all of such railroad corporations, in any county in which either of such railroads extends or is operated. In support of their contention, counsel for appellees have cited International & G. N. Railway Co. v. Jones, 2 Texas Crt. Rep., 612, decided by the Dallas Court of Civil Appeals. There are expressions in the opinion in that case tending to support appellees' contention; but that was a domestic shipment, and, as reported, it does not appear that a written contract was introduced in evidence limiting the liability of either of the carriers to its own line. In Texas & Pac. Railway Company v. Lynch, 97 Texas, 25, the statute referred to is discussed in a manner tending to indicate a different view from the one expressed in the Jones case. This case differs from the Lynch case in that the written contract provided for a through shipment, with a stipulation limiting the obligation and liability of the defendant to its own line.

"With the foregoing statement and explanation, the following question is certified for decision:

"Did the trial court commit error in giving the charge complained of? In other words, if there is a sufficient consideration to support the written contract, and it is otherwise valid, does the statute referred to have the effect of nullifying a stipulation limiting the liability of a carrier in an interstate shipment, to injuries caused by such carrier? and if such was the intention of the legislature, had that body the power to enact such a law?"

We answer the question certified that the trial court erred in the charge given to the jury.

We copy the caption and the first section of the act referred to in the question: "An Act to prescribe the parties to and venue of suits against railroad companies and assignees, trustees and receivers, operating any railway over whose transportation lines, or parts thereof, any freight, baggage, or other property, has been carried during transportation."

"Section 1. That whenever any freight, baggage or other property has been transported over two or more railroads operating any part of their roads in this state, and having an agent in this state, or operated by any assignee, trustee or receiver of any such railways, suit for loss or damages thereto or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad companies, assignees, trustees or receivers operating any of such railways in any county in

which either of such railroads extends or is operated; provided, however, that if damages be recovered against more than one carrier not partners in the shipment or contract, they shall be apportioned between the defendants by the verdict of the jury and the judgment of the court, or by the judgment alone, should no jury be demanded; provided, this act shall not change venue in any case now pending." (Laws 26th Leg., p. 214.)

The main purpose of the legislature in enacting that law was to fix the venue of suits against railroad companies which were engaged in operating any part of their roads in the state, and had agents in the state, and also to authorize the shipper to join in one action all railroads which had participated in the transportation of the freight, whether as partners, joint contractors, or under a contract or separate contracts, limiting the liability of each to its own line. It is apparent from the language of the act that it was not intended in any way to affect the rights of the parties under the contract made between them, but, in one action, to enforce such contract according to its terms against all of the participants in the transportation of the freight. Excepting all such defendants as were partners either in the contract or in the shipment from the operation of the proviso, shows that the apportionment of the damages was to be made only between defendants who are separately liable to the plaintiff. Indeed, if all the defendants were jointly liable, apportionment would not be proper, because in such case the plaintiff would be entitled to recover the whole sum against each.