MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS ET AL. v. J. T. BLANKS.

No. 2018.  Decided February 23, 1910.

**1.—Venue—Railways—Passenger—Connecting Lines.**

Under the Act of March 13, 1905 (Laws 29th Leg., p. 29) an action for injury to a passenger transported by two or more railroad companies may be brought against any one or all of such companies in any county in which either operates or does business, irrespective of any joint liability of the company so sued with the one whose operation or agency in the county where the suit is brought fixes the venue, in such county, under the statute. (P. 195).

**2.—Same—Case Stated.**

Plaintiff bought from the Missouri, K. & T. Ry. Co., at San Marcos, in Hays County, a ticket for through passage to a point in Colorado, over its line to Ft. Worth, and thence over the line of the Ft. Worth & D. C. Ry. Co. The ticket limited the liability of each company to injuries on its own line. The passenger was injured in Montague County during his transportation by the Ft. Worth & D. C. Ry. Co. He sued both companies in Hays County, alleging partnership between them. Each defendant denied the partnership under oath, the Ft. Worth & D. C. Company pleading also its right to be sued in the county of its residence, business or agency, and denying that it had an agent in Hays County. This plea was sustained and the venue of the action against such defendant was ordered changed to Montague County. A demurrer to plaintiff's petition by the Missouri, K. & T. Ry. Co. was then sustained, plaintiff admitting that

he could introduce no evidence to prove his allegation of partnership. Held, that such judgments were properly reversed as to both defendants, on plaintiff's appeal.   (Pp. 194, 195).

Error to the Court of Civil Appeals for the Third District in an appeal from Hays County.

The Missouri, K. & T. Ry. Co. of Texas and the Ft. Worth & D. C. Ry. Co. by separate petitions, each obtained writ of error on a reversal by the Appellate Court of the judgment of the District Court of Hays County on appeal by Blanks, plaintiff in the court below. The issues and the judgments appealed from were as stated in the second paragraph of the head notes above.   The writ was granted on allegation of conflict of decisions.

*Spoonts, Thompson & Barwise* and *J. M. Chambers,* for plaintiff in error, Ft. Worth & D. C. Ry. Co.—The court having found in favor of the plea, and the presumption being that all the allegations thereof which the evidence tended to sustain were found to be true, and it being alleged and proven that the injuries were received in a wreck on the line of the defendant, Fort Worth & Denver City Railway Company, in Montague County, Texas, a county not adjoining Hays County or within many miles of it, and that the defendant never had an agent or operated a road in Hays County, and that the defendant, Missouri, Kansas & Texas Railway Company of Texas, had limited its liability to injuries occurring on its own line, and was not in any way liable for the injuries alleged, and that the defendants were not partners in the matter, and that all of these facts were known to plaintiff and that he had joined the said Missouri, Kansas & Texas Railway Company of Texas as a defendant fraudulently for the purpose of fixing venue, as against the other defendant in Hays County; and that the tickets on which plaintiff and his wife were riding were interstate tickets from a point in Texas to a point in Colorado, the court did not err in sustaining said plea of privilege. Lynch v. Texas & P. Ry. Co., 97 Texas, 25; Atchison, T. & S. F. Ry. Co. v. Forbis, 35 Texas Civ. App., 255; Missouri, K. & T. v. Bumpas, 38 Texas Civ. App., 410; Missouri, K. & T. v. Elliott, 99 Texas, 286.

*Fiset & McClendon,* for plaintiff in error, Missouri, K. & T. Ry. Co. of Texas.—The contract of transportation under which plaintiff and his wife were traveling at the time of the injuries constituted commerce or traffic between the States, and consequently was not subject to legislative regulation by the State.   If, therefore, it was the intention of the Legislature in enacting the Act of 1899, and the Act of 1905 amendatory thereof, to create a liability on the part of a connecting carrier, such Acts are void insofar as they affect interstate commerce or traffic.   Houston Dir. Nav. Co. v. Insurance Co., 89 Texas, 1; Galveston, H. & S. A. Ry. Co. v. State, 210 U. S.,

The Acts of 1899 and 1905 are merely venue statutes, and were not intended to, and do not by their terms, create liability not already existing, but merely prescribe the venue of actions coming within the

terms of said statute. Railway Co. v. Lynch, 97 Texas, 25; Railway Co. v. Elliott, 99 Texas, 286.

Plaintiff had filed a petition against the two defendants, which petition set up a cause of action against the Denver Company, and asserted that the two defendants were partners, and that therefore the M., K. & T. was also liable to plaintiff. The Denver Company filed a plea of privilege, in which it sought to have the case removed to some county where it had an agent or a line of road, and this plea was heard before the court. In this plea the Denver Company denied partnership, and the uncontradicted evidence showed that there was no partnership or joint liability, and no liability whatever on the part of the M., K. & T.; but that the Denver Company was the only defendant against whom any cause of action existed. The M., K. & T. in the meantime had answered, denying partnership under oath. The court decided the plea of privilege favorably to the Denver Company, and entered an order removing the cause as to that company to Montague County. Thereupon the case came on for trial as to the M., K. & T. The plaintiff at this juncture admitted in open court that it could not present any evidence supporting its allegation of partnership. The burden of proof was cast upon the plaintiff by the pleadings as they then existed to show partnership, and a failure to introduce any evidence from which a jury could find that a partnership did exist, would necessarily result in a verdict and judgment for the defendant M., K. & T. The record affirmatively shows that this admission was made in order that it might be considered in connection with the ruling by the court on the general demurrer of the M., K. & T., and in view of the admission, the effect of which was to eliminate the allegation of partnership, the court sustained the general demurrer.

The ground upon which the Court of Civil Appeals appears to have held that this action was erroneous is based upon the proposition of law, which we admit is correct as an abstract proposition, that a demurrer is addressed to the pleadings as they stand. We do not believe, however, that our system of pleading and practice is so technical that a court can not act upon an admission made by a party in open court for the purpose of having a pleading acted upon, but must disregard such admission however solemnly made, and pass upon the pleadings as they appear to have been written.

*Will G. Barber,* for defendant in error.—By the plain wording of the Act mentioned in the assignment, whenever any passenger has been transported by two or more railroad companies operating in this State, suit for any damage or loss or for any character or cause of action arising out of such carriage, transportation or contract in relation thereto may be brought against either one or both of the carriers in any county in which either does business, operates its line, or has an agent or representative. Acts 1905 (29th Leg.), page 29, sec. 1; Railway v. Marrs, 100 Texas, 530.

Where there is no ambiguity in a statute, there is no room for construction, and its meaning must be determined by its own language.

Schloss v. Railway, 85 Texas, 604; Dodson v. Bunton, 81 Texas, 658; Engelking v. Van Wamel, 26 Texas, 471; Rosenfield v. Condict, 44 Texas, 466.

If, as held in the Lynch case, the purpose and effect of the Act of 1899 was to make each of the carriers engaged in a through shipment of freight liable for the injuries received on any line, then under the Act of 1905, which includes passengers, any line to a through transportation contract of a passenger would be liable for injuries received on any line forming one of the connecting carriers, and the Missouri, Kansas & Texas would be liable in this case for injuries sustained on the Denver line.

The demurrer of the Missouri, K. & T. Ry. Co. should have been overruled, not only for the reasons given in the opinion of the Court of Civil Appeals, but also because the petition made a state of facts under which the M., K. & T. would be liable for injuries occurring at any place while the contract was being carried out. It is true it pleaded that its liability was limited to its own line by provisions of the contract; but this pleading was of a matter of fact and could not aid the demurrer. Nor could it be aided by any matters of fact developed in the hearing of the Denver company's plea of privilege. That hearing was alone as between it and Blanks. Moreover facts proven upon any kind of a preliminary investigation can not affect the sufficiency of the petition upon demurrer. While defendant in error did, in connection with submission of the demurrer, admit that he could not at that time sustain the allegation of partnership, yet he made no further admission. As to the partnership, the company is entitled to the benefit of the admission, if under our practice a demurrer may be so aided, yet it can not, we think, have any assistance from any facts developed upon hearing of the plea of privilege of the other company.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

The plaintiff, J. T. Blanks, bought a ticket for himself and another for his wife for transportation from San Marcos to Fort Worth over the Missouri, Kansas & Texas Railway Company of Texas, and thence on the Ft. Worth & Denver City Railway Company to the State of Colorado. The agent of the Missouri, Kansas & Texas Railway at San Marcos signed the tickets for each road. Upon the Ft. Worth & Denver City Railway, after leaving Ft. Worth, as alleged, by reason of a defective roadbed, the car upon which they were riding left the track and turned over and inflicted upon them injuries for which they sue. To recover for such injuries, he sued, in the District Court of Hays County, both companies—alleging a partnership between them. To the suit the Ft. Worth & Denver City Railway Company pleaded its privilege of being sued in the county of its residence, or in some county where it had an agent, etc., and alleged that it did not reside in Hays County and had no agent there. It also denied under oath that any partnership existed between it and the Missouri, Kansas & Texas Railway Company.

The 29th Legislature passed an Act which was approved March 13, 1905, which stripped of unnecessary verbage as applied to this

case, reads as follows: Sec. 1. "Whenever any passenger has been transported by two or more railroad companies having an agent or representative in the State, suit for loss or damage arising out of such carriage may be brought against any one or all in any court of competent jurisdiction in any county in which either of such common carriers operates or does business or has an agent or representative," etc. (Laws 1905, p. 29.) Now it is to be observed that the language is not that suit may brought against all of such common carriers, but is that it may "be brought against any one or all of such common carriers." Now, "any one," being used in the singular sense, we think there could have been no doubt as to the construction. It follows that a principal object of the statute was to fix the venue of such suits; and we think that it is fixed in such explicit terms that its meaning can not be mistaken. In other words, the statute says that either company may be sued in any court which has jurisdiction ordinarily over the other company or companies. In case of such plain language we do not feel at liberty to disregard it.

Accordingly the judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*