PET NATION V. SAN ANTONIO SOUTHERN RAILWAY COMPANY ET AL.

No. 4419.   Decided April 28, 1926.

(283 S. W., 157).

**1.—Interstate Commerce—Connecting Lines.**

Under the statutes of the United States governing interstate carriage of goods by through shipment over connecting lines (U. S. Comp. Stats., Secs. 8604a, 8604aa), the shipper incurring loss or injury in transit may recover from the initial carrier for the damage occurring on any one of the connecting lines, and also from the line on which the loss was occasioned, joining any one or all of the connecting carriers in the suit.   (Pp. 437, 438).

**2.—Same—Venue.**

The statute on venue in such action (Act of March 13, 1905, Laws 29th Leg., p. 29, Rev. Stats., 1925, Art. 1995, Sub. 24) permits suit to be brought in any county in which any one of the connecting lines does business or has an agent.   This authorizes suit in such county against any of the connecting carriers liable, though the carrier doing business and having an agent there is not joined as a party because not in fault. (Pp. 437-441).

**3.—Same—Case Stated.**

Plaintiff made a through shipment of cattle over five lines of railway from Texas to Oklahoma, and sued the San Antonio Southern Railway Company, the initial carrier in D. County, where the G., C. & S. F. Ry. Co., one of the connecting lines transporting them, but not sued, did business and had an agent.   This defendant impleaded the Houston & T. C. Ry. Co., and plaintiff by amendment sought recovery against it on the ground that the default and injury ocurred on the line of that road. Neither the San Antonio Southern nor the H. & T. C. Ry. Co. had a line or agent or did business in D. County, and the latter presented a plea of privilege questioning the venue in the suit against it in that forum.   *Held* that such plea was improperly sustained.   (Pp. 434-441).

**4.—Cases Followed.**

Missouri, K. & T. Ry. Co. of Tex. v. Blanks, 103 Texas, 191, and Missouri, K. & T. Ry. Co. of Tex. v. Elliott & Dial, 99 Texas, 286, discussed and followed.   (Pp. 439-441).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Denton County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for its opinion thereon and here adopts same and directs it to be certified as the answer of the court.

*J. A. Templeton,* for appellants.

The bringing in of the Houston & Texas Central Railroad Company to answer the cross-action of the original defendant, and the plaintiff's cause of action subsequently asserted by the plaintiff against said defendant, did not oust the jurisdiction of the court over the original action of the plaintiff against the initial carrier, or justify the court in transferring the cause of action between said original parties, over their protest, to Harris County for trial. But at most, the transfer should have been restricted to the cause, or causes, of action asserted against the intermediate carrier. Natl. Union Fire Ins. Co. v. Littlejohn, 228 S. W., 595; Rutledge v. Evans, 219 S. W., 218-221; Morehouse v. King County Land & Cat. Co., 139 S. W., 883; Braly v. Samuels, 213 S. W., 684; King v. Ragsdale, 200 S. W., 269.

Where a through shipment of livestock moves from a point in one state to a point in another state over the lines of several successive carriers on a through bill of lading recognized and acquiesced in by each of such carriers, and where such a shipment, during the course of such transportation, is injured and damaged as a result of the negligence of any one or more of such carriers, the owner or shipper of such livestock may sue and maintain his action against any one or more of the carriers to recover the damage so occasioned, "in any county in which either of such common carriers operates or does business or has an agent or representative." See Rev. Stats., Art. 1830, Sub. 25. U. S. Compiled Statutes, Arts. 8604a and 8604aa; Vernon's Sayles' Rev. Stats., Vol. 2, p. 1140, Art. 1830, Sub. 25; Act of 1899, relating to venue, Secs. 1, 2 and 3; Amend. Act of 1905, relating to venue, Secs. 1, 2 and 3; Acts of 26th Leg., p. 214, Chap. 125; A., T. & S. F. Ry. Co. v. Forbis, 79 S. W., 1075; Atl. C. L. Ry. Co. v. Riverside Mills, 219 U. S., 197; Blanks v. M., K. & T. Ry. Co. of Tex., 103 Texas, 195; Burd v. San A. Sou. Ry. Co., 261 S. W., 1021; Crenwelge v. Ponder, 228 S. W., 145; Clara v. Hurst, 136 S. W., 840; Chicago N. W. Ry. Co. v. Whitnack Prod. Co., 258 U. S., 368; Gulf, Tex. & Western Ry. Co. v. Lunn, 106 Texas, 511; Gross v. Colonial Ass. Co., 121 S. W., 517; G., C. & S. F. Ry. Co. v. Pitts, 83 S. W., 727; I.-G. N. Ry. Co. v. Jones, 62 S. W., 1076;

M., K. & T. Ry. Co. of Tex. v. Bumpas, 85 S. W., 1046; M., K. & T. Ry. Co. of Tex. v. Mahaffey, 105 Texas, 394; M., K. & T. Ry. Co. of Tex. v. Elliott & Dial, 99 Texas, 286; Moore v. Lumberman, Rec. Assn., 258 S. W., 1054; Sou. Pac. Ry. Co. v. Meaders, 104 Texas, 474; St. L.-S. W. Ry. Co. v. Sizemore, 116 S. W., 403; T. & P. Ry. Co. v. Lynch, 97 Texas, 25; T. & P. Ry. Co. v. Langbehn, 150 S. W., 1188; T. & P. Ry. Co. v. Henson, 103 S. W., 598; Texarkana & Ft. S. Ry. Co. v. Shivel & Stewart, 114 S. W., 196.

*Baker, Botts, Parker & Garwood, Head, Dillard, Smith, Maxey & Head,* and *Jesse F. Holt,* for appellees.

The mere fact that the shipments in controversy were carried through Denton County over the line of a common carrier corporation operating in and having agents in that county, when no damages were sustained on the line of such carrier and no liability whatever is asserted against such carrier, and such carrier is not sued, does not confer jurisdiction in the District Court of that county over appellee under the facts. Texas & Pacific Ry. v. Lynch, 97 Texas, 25, 75 S. W., 486; M., K. & T. Ry. v. Bumpas, 85 S. W., 1046; A., T. & S. F. Ry. v. Forbis, 79 S. W., 1074; A., T. & S. F. Ry. v. Waddell, 88 S. W., 390.

Appellants in their pleadings clearly make out a case of joint liability against the defendants. Their causes of action are not severable, and it was not error to transfer the entire case, in each instance, to Harris County. Act of 1907, p. 248, Rev. Stats., Arts. 1831, 1832; Luter v. Ihnken, 143 S. W., 675; Hickman v. Swain, 106 Texas, 431, 167 S. W., 209, 210; Camp v. Gourley, 201 S. W., 671; Rutledge v. Evans, 219 S. W., 218.

We think it is clear that the Legislature intended to place the venue of such suits in any county in which any *defendant* operates; otherwise it would seem to us that by the language quoted the Legislature was intending to make liable to suit any connecting carrier regardless of whether any damages were sustained on its line or not. It could not have been the purpose of the Legislature to authorize a suit against a carrier not claimed to be liable for any part of the loss sustained, and the language evidently has reference to such railroad corporations *only as are liable,* or *claimed to be liable* for damages. We think the word "defendant" used in the proviso of the Act supports this construction. The corporations claimed to be liable are the defendants that are referred to in the

proviso, and that, properly construed, as held by the Court of Civil Appeals in the Bumpas case, this statute means that the venue is properly placed in any county where any of the connecting *carriers claimed to be liable, extends or is operated.*

MR. JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

In this case the Honorable Court of Civil Appeals of the Second District has certified to the Supreme Court two questions, the certificate being as follows:

"Pet Nation, plaintiff in the trial court, has appealed from an order of the District Court sustaining a plea of privilege filed by the Houston & Texas Central Railway Company, one of the defendants in the case, and transferring the suit to the District Court of Harris County for trial.

"The suit was to recover damages resulting from the alleged negligence of the defendants in failing to transport cattle with reasonable dispatch and in failing to provide proper pens and facilities for unloading and feeding them while they were detained at the town of Ennis.

"The cattle were shipped from Christine, Texas, over the line of the San Antonio Southern Railway to the city of San Antonio; from San Antonio to Houston over the Galveston, Harrisburg & San Antonio Railway; from Houston to Fort Worth over the Houston & Texas Central Railway; from Fort Worth, through Denton County, to a station in the State of Oklahoma, over the Gulf, Colorado & Santa Fe Railway, and from that station to Bazaar, Kansas, over the line of the Atchison, Topeka & Santa Fe Railway, which was the terminal carrier.

"Upon the trial of the plea of privilege, it was agreed between the parties that no damage was sustained by the cattle while on the line of the Gulf, Colorado & Santa Fe Railway, for which reason that company was not sued. It was further agreed that the cattle were carried from the point of origin to destination over the lines of the initial carrier and all connecting carriers on a through bill and stock contract, issued by the initial carrier, and accepted and acquiesced in by the several connecting carriers.

"The principal negligence complained of in the petition and made the basis of the recovery sought was that of the Houston & Texas Central Railway at the town of Ennis, which was a station on that line of railway.

"The suit was instituted against the San Antonio Southern

Railway Company, the initial carrier, in the County of Denton, State of Texas. That company filed an answer alleging that if any damages occurred to the cattle through negligence of any of the carriers, such negligence was by the Houston & Texas Central Railway alone, and it prayed that that company be made a party defendant, to the end that the initial carrier might have a judgment over against it in the event plaintiff should recover against the initial carrier.

"After that answer was filed, plaintiff, by an amended petition, sought to recover the damages complained of against both defendants. Neither of those defendants operates or does business or has an agent or representative in the County of Denton, where the suit was filed.

"The Houston & Texas Central Railway Company then filed its plea of privilege to be sued in Harris County, State of Texas, where its principal office was located, and which county was its place of residence. The plea of privilege further negatived all of the statutory exceptions to exclusive venue of suits in the county of one's residence. The plea of privilege was controverted by both the plaintiff and the initial carrier, but the resistance of each thereto was based upon subdivision 25 of Article 1830, of our Revised Statutes, and not upon any denial of the facts alleged in the plea. That subdivision reads as follows:

" 'Whenever any passenger, freight, baggage or other property has been transported by two or more railroad companies, express companies, steamship or steamboat companies, transportation companies, or common carriers of any kind or name whatsoever, or by any assignee, lessee, trustee or receiver thereof, or partly by one or more such companies, or common carriers, and partly by one or more assignees, lessees, trustees or receivers thereof, operating or doing business as such common carriers in this State, or having agents or representatives in this State, suit for damage, or loss, or for any other cause of action arising out of such carriage, transportation or contract in relation thereto, may be brought against any one or all of such common carriers, assignees, lessees, trustees or receivers so operating or doing business in this State, or having agents or representatives in this State, in any court of competent jurisdiction, in any county in which either of such common carriers, assignees, lessees, trustees, or receivers operates or does business, or has an agent or representative; provided, however, that, if damages be recovered in such suits against more than one defendant not partners in such carriage, transportation or contract, the same shall, on request of either

party, be apportioned between the defendants, by the verdict of the jury, or, if no jury is demanded, then by the judgment of the court.'

"That subdivision of the statute was enacted in the year 1905 (see Acts 1905, page 29), as an amendment to the Act of 1899, page 214, which reads as follows:

" 'That whenever any freight, baggage or other property has been transported over two or more railroads operating any part of their roads in this State, and having an agent in this State or operated by any assignee, trustee or receiver of any such railroads, suit for loss or damages thereto or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad corporations, assignees, trustees or receiver operating any of such railways in any county in which either of such railroads extends or is operated; provided, however, that if damages be recovered against more than one carrier not partners in the shipment or contract they shall be apportioned between the defendants by the verdict of the jury and the judgment of the court, or by the judgment alone, should no jury be demanded; provided, this act shall not change venue in any case now pending.'

"In M., K. & T. Ry. Co. v. Bumpas, 38 Texas Civ. App., 410, 85 S. W., 1046, this court sustained a plea of privilege based upon the same ground as the one in the present suit, and in discussing the question Judge Stephens had this to say:

" 'It could not have been the purpose of the Legislature to authorize a suit against a carrier not claimed to be liable for any part of the loss sustained, and the language, 'suit may be brought against any one or all of such railroad corporations in any county in which either of said railroads extends or is operated,' evidently has reference to such railroad corporations only as are liable or claimed to be liable for damages. Such corporations are the defendants mentioned in the proviso of the Act among whom damages are to be apportioned. We interpret the law to mean that suit may be brought against any one or all of the connecting carriers claimed to be liable for damages to property carried by them in any county in which the railroad of either of them (that is, of those claimed to be liable) extends or is operated, and that the situation or operation of the railroad of a company not sued, and not alleged to be in any manner liable for damages, does not affect the venue.'

"In the case of A., T. & S. F. Ry. Co. v. Forbis, 79 S. W.,

1079, a plea of privilege was sustained for the same reasons as in the Bumpas case. To a like effect was the decision of the Court of Appeals of the 4th District in the case of A., T. & S. F. Ry. Co. v. Waddell, 40 Texas Civ. App., 110, 88 S. W., 390; see also the decision of the Supreme Court in the case of T. & P. Ry. Co. v. Lynch, 97 Texas, 25, 75 S. W., 486.

"Upon the authority of those decisions on a former day this court affirmed the judgment of the trial court which sustained the plea of privilege. But those decisions seem to be in conflict with T. & P. Ry. Co. v. Middleton, 27 Texas Civ. App., 481, 65 S. W., 378, and T. & P. Ry. Co. v. Langbehn, 150 S. W., 1188.

"Appellant has filed a motion for rehearing and also to certify the case to your Honorable Court and the motion to certify has been granted by reason of said conflict in the decisions and by reason of the further fact that we deem it advisable so to do.

"We respectfully submit to your Honors for determination the following questions:

"1. Did the trial court err in sustaining the plea of privilege?

"2. If the foregoing question be answered in the negative, then was the transfer properly made to Harris County?"

Subdivision 25 of Article 1830 of the Revised Statutes of 1911, is now subdivision 24 of Article 1995 of the Revised Statutes of 1925, but except as to a change in the numbering there is no substantial difference. The general rule of venue is, that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases." There are twenty-nine exceptions to this general rule, one of which is subdivision 24 of Article 1995, Revised Statutes, 1925, substantially the same as quoted in the certificate and, therefore, unnecessary to reproduce in this opinion. In reaching a proper construction of this subdivision of Article 1995, it will be helpful to consider the persons whether natural or artificial who might be liable to the appellant from the allegations of his amended petition under the law governing the transaction as set forth therein, which law is embodied in paragraphs 8604a and 8604aa, United States Complete Statutes, commonly known as Cummins Amendment, formerly the Carmack Amendment. Under these paragraphs, this being an interstate shipment and therefore the statutes of Texas not being applicable (Articles 731-732, 1922 Supp., Vernon's Civil Statutes, 1914) which have reference only to intrastate shipments, the initial carrier, to-wit: the San

Antonio Southern Railway, is liable for all damages sought to be recovered by the appellant regardless of where the damage occurred. The amended petition is a suit upon a joint undertaking as well as a suit upon an undertaking of the initial carrier in an interstate shipment for itself. It alleges that this shipment was made on a through bill and a stock contract from the point of origin to destination over the lines of the initial carrier and all connecting carriers, which through bill and stock contract was accepted and acquiesced in by the several connecting carriers. Among these connecting carriers were the Galveston, Harrisburg & San Antonio Railway, the Houston & Texas Central Railway and the Gulf, Colorado & Santa Fe Railway. None of these companies operated a line of railway or had any agent in Denton County except the Gulf, Colorado & Santa Fe Railway Company, which the agreed statement of facts shows did not cause any of the damage to the cattle, for which reason that company was not sued. The appellant does primarily sue the initial carrier; whereupon that carrier impleaded the Houston & Texas Central Railway Company, who thereupon filed its plea of privilege to be sued in Harris County where its principal office is, and in law where it resides.

In Burd v. San Antonio Southern Railway Company, 261 S. W., 1023, Judge Stayton, speaking for this Section of the Commission of Appeals, with reference to this statute, says:

"There is nothing in the federal statute that tends to lessen the liability of the initial carrier that is imposed by it, or to render a joinder of allegations against connecting carriers a waiver of that liability; but, on the contrary, the statute saves to the shipper any remedy that he may have under the common law as recognized by the federal courts. It would seem that the shipper should not in all cases be confined either to the initial carrier or to the connecting carriers for his satisfaction. One or more of them may, by the time of execution, become inconvenient of approach, or, indeed, develop to be unable to respond."

He then quotes with approval from Atchison, T. & S. F. Ry. Co. v. Word, 159 S. W., 375, as follows:

"The act was passed for the benefit of the shipper. He can sue the initial carrier alone or any one of the connecting carriers, or all jointly, for the damages." Citing Railway Co. v. Carl, 227 U. S., 639; Railway Company v. Ray, 127 S. W., 281; Railway Company v. Ward, 159 S. W., 375; Railway Company v. Ward, 169 S. W., 1035.

Under the Federal statute, the connecting carriers are the agents of the initial carrier, and a bill of lading is a through contract on the latter's part. It also measures the liability of the connecting carriers to the shipper, and the shipper may have recourse against each of them for its own defaults as well as against the initial carrier for the entire obligation. Burd v. San Antonio Southern Railway Company. The Supreme Court of Texas, in M., K. & T. Ry. Co. of Texas v. Grain Co., 103 Texas, 542, 131 S. W., 410, decided that the initial carrier was liable by this Act of Congress for the entire loss. Now, if the initial carrier was liable for the entire loss, and the bill of lading evidenced the contract to transport the cattle from the point of origin to their destination over the lines of the initial carrier and all connecting carriers, a party injured by the failure of any one of the carriers to perform its obligation under the terms of the contract would have a cause of action against the initial carrier wherever the damage was done.

In the case of Missouri, K. & T. Railway Company of Texas v. Blanks, 103 Texas, 191, 125 S. W., 312, Chief Justice Gaines, after substantially quoting the Act of the 29th Legislature approved March 13, 1905, which is the act under discussion, as applicable to the facts in that case which in every way invoke a similar principle as does the case under discussion, uses this language:

"Now, it is to be observed that the language is not that suit may be brought against all of such common carriers, but is that it may 'be brought against any one or all of such common carriers.' Now, 'any one' being used in the singular sense, we think there could have been no doubt as to the construction. It follows that a principal object of the statute was to fix the venue of such suits; and we think that it is fixed in such explicit terms that its meaning cannot be mistaken. In other words, the statute says that either company may be sued in any court which has jurisdiction ordinarily over the other company or companies. In case of such plain language we do not feel at liberty to disregard it."

The facts in the Blanks case are, that Blanks bought a ticket for himself and another for his wife for transportation from San Marcos in Hays County to Fort Worth over the M., K. & T. Railway Company of Texas, and thence on the Fort Worth & Denver City Railway to the State of Colorado. The agent of the M., K. & T. Railway Company of Texas at San Marcos signed the tickets for each road.

Upon the Fort Worth & Denver City Railway after leaving Fort Worth, by reason of a defective road bed, the car in which they were riding left the track and turned over, and inflicted the injuries for which they sued in Hays County both companies, alleging a partnership between them; and to this suit the Fort Worth & Denver City Railway Company pleaded its privilege of being sued in the county of its residence, and alleged it did not reside in Hays County and had no agent there. It also duly denied partnership. This plea of privilege was under these facts overruled by the Court of Civil Appeals, and upon appeal to the Supreme Court, this ruling was sustained in the language above quoted.

It is contended, however, that the Blanks case is not applicable to the facts in this case, because the suit was against both the M., K. & T. Railway operating in Hays County where the suit was filed and against the Fort Worth & Denver City Railway not operating in that county, evidently intending to differentiate the Blanks case from the case at bar by reason of the fact that the trial court in the Blanks case without question had jurisdiction over the M., K. & T. Railway Company on account of the fact that the M., K. & T. Railway Company operated in that county and, therefore, there could be no question of jurisdiction of the case in Hays County with reference to that road. This contention can not be sustained for the reason that under the authority of the cases cited in Burd v. San Antonio Southern Railway Company, the San Antonio Southern Railway Company was by the terms of its contract liable to be sued in any county where it or its connecting carriers operated and had an agent over which lines of railway the cattle were transported. This is especially true under this subdivision of the statute which provides that suits may be brought for damages, or loss, or for any other cause of action, arising out of transportation or contract in relation thereto in any court of competent jurisdiction in any county in which either of such common carriers does business or has an agent. It is conceded that the Gulf, Colorado & Santa Fe Railway Company which was a party to this contract operated its line of railway in Denton County. The fact that the injury for which a recovery is sought was not inflicted by this party to the contract is not a material fact in determining this particular question, which is one of venue purely. The subdivision of the Article does not purport to change, regulate, or affect the liability of any of the carriers to the shipper

or as between themselves, but affects and prescribes only the venue of suits against carriers. Missouri, K. & T. Ry. Co. of Texas v. Elliott & Dial, 99 Texas, 286, 89 S. W., 767. In the case last cited, it is said in speaking of the Act of 1899, which is in substance the same as the Act of 1905 as is affects this question:

"The main purpose of the Legislature in enacting that law was to fix the venue of suits against railroad companies which were engaged in operating any part of their roads in the state, and also to authorize the shipper to join in one action all railroads which had participated in the transportation of the freight, whether as partners, joint contractors, or under a contract or separate contract, limiting the liability of each to its own line."

It will be seen from this quotation that the statute applies with reference to fixing the venue to any carrier, whether the initial or connecting one, who was a party to the original contract who participated in the *transportation* of the freight in whatever capacity. There is no question made about the fact apparent in the record that the Gulf, Colorado & Santa Fe Railway Company did participate in the *transportation* of these cattle, and as said by the Supreme Court in the Elliott & Dial case, 99 Texas, 286, supra, the main purpose of the statute was to fix the venue of suits against railroad companies participating in the *transportation* (italics ours) of freight, etc. So, we think that the facts in the Blanks case and the facts in the case under discussion are of such similar nature as to make the decision in the Blanks case decisive of the question involved in this case. 103 Texas, 191, 125 S. W., 312.

We therefore recommend that question No. 1 stated in the certificate, to-wit: "Did the trial court err in sustaining the plea of privilege," be answered in the affirmative.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.                    *C. M. Cureton,* Chief Justice.