**ALEXANDER MARKETING CO.**

v.

**FORT WORTH & DENVER CITY RY. CO.**

No. 12665.

Court of Civil Appeals of Texas. San Antonio.

March 10, 1954.

Rehearing Denied April 7, 1954.

Ward & Brown, Corpus Christi, for appellant.

Cox, Wagner, Adams & Wilson, Brownsville, for appellee.

NORVELL, Justice.

The trial court sustained the plea of privilege of appellee, Fort Worth & Denver City Railway Company, and ordered this cause transferred from Cameron County to Tarrant County. Appellant, Alexander Marketing Company, sought recovery for damages to a carload of carrots shipped from Plainview, Texas, to New York City. The venue provision involved is Article 1995, § 24, Vernon's Ann.Tex.Stats., which reads as follows:

"Carriers.—Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers or the assignees, lessees, trustees, or receivers thereof, operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative."

It was stipulated that the car in question was delivered to the Fort Worth & Denver City Railway Company, the initial carrier, at Plainview, Texas, and diverted at Fort Worth over the lines of St. Louis, Southwestern Railway Company (hereinafter referred to as the Cotton Belt) to St. Louis, Missouri, and from St. Louis over the Baltimore & Ohio to New York City.

The Fort Worth and Denver City Railway Company has no agent nor representative in Cameron County, where the suit was filed. However, the Cotton Belt does have an agent and representative in that county.

The question presented by the record is this: May a shipper, despite the plea of privilege of the initial carrier, maintain a suit for property damage against the initial carrier as a sole defendant in a county where a connecting carrier maintains an agent or representative?

Under the construction placed upon Article 1995, § 24, in Nation v. San Antonio Southern Ry. Co., 115 Tex. 431, 283 S.W. 157, the answer is Yes.

The authorities cited by the appellee are mentioned in the Nation case and for that reason further discussion is deemed unnecessary.

The order appealed from is reversed and judgment here rendered overruling appellee's plea of privilege.

Reversed and rendered.