The H. ROUW COMPANY, Appellant,

v.

Guy A. THOMPSON, Trustee for San Antonio, Uvalde & Gulf Railroad Company, Appellee.

No. 13019.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 5, 1956.

Rehearing Denied Dec. 31, 1956.

James E. Little, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

NORVELL, Justice.

This is an appeal from an order sustaining appellee's plea of privilege to be sued in Harris County. The H. Rouw Company contends that it was entitled to maintain the suit in Hidalgo County, because (a) appellee, Guy A. Thompson, Trustee for San Antonio, Uvalde & Gulf Railroad Company, was doing business in Hidalgo County, and (b) said appellee, or a connecting carrier, had an agent or representative in Hidalgo County. Nation v. San Antonio Southern Ry. Co., 115 Tex. 431, 283 S.W. 157; Alexander Marketing Co. v. Ft. Worth & Denver City Ry. Co., Tex. Civ.App., 266 S.W.2d 400. The venue exception relied upon is Section 24 of Article 1995, Vernon's Ann.Tex.Stats., which reads as follows:

"24. Carriers.—Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers or the assignees, lessees, trustees or receivers thereof, operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative."

We necessarily assume that the trial judge, in view of his sustaining the plea, found all fact issues having support in the evidence so as to support the judgment rendered. Strictly speaking, therefore, the question upon this appeal does not involve the sufficiency of evidence to support a finding of "doing business" or "agency", but is whether such evidence compels a finding favorable to appellant on one or more of its contentions as a matter of law.

On both issues, we are of the opinion that the evidence is not of the conclusive nature necessary to establish either venue element as a matter of law. The San Antonio, Uvalde & Gulf Railroad Company, the International-Great Northern Railroad Company, Missouri Pacific Railroad Company, and a number of other railroad corporations, are grouped together for certain operating purposes under the general designation of Missouri Pacific System or Missouri Pacific Lines. All of the corporations were at the times here material being operated by Guy A. Thompson, Trustee, under appointment made in separate bankruptcy proceedings relating to each corporation. The fact that these various corporations constitute parts of a railway "system" or that the same individual was appointed trustee for all of them, does not make all the agents of one corporation the agents of all the other corporations making up the system. Atchison, Topeka and Sante Fe Ry. Co. v. Stevens, 109 Tex. 262, 206 S.W. 921. Obviously, one person may be the agent of two or more of these corporations and the existence of such relationship depends upon the facts of each particular case.

As proof of appellee's doing business in Hidalgo County, the appellant relies upon evidence of the activities of J. J. Mulholland, who is the Executive General Agent of San Antonio, Uvalde & Gulf R. Co., International-Great Northern R. Co., and the Missouri Pacific R. Co., none of which operate rail lines within Hidalgo County. It appears that Mulholland, a resident of Cameron County, does solicit business in behalf of his principals within the territorial limits of Hidalgo County and performs various functions of a kindred nature. The "transaction of business" within a given county does not necessarily constitute "doing business" therein within the meaning of the venue exception. S. R. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S.W. 1157; Austin Fireproof Warehouse Transfer Co. v. Faltinson, Tex.Civ.App., 144 S.W.2d 905. The

evidence of appellee's "doing business" in Hidalgo County was not conclusive.

■ As to the alleged agency, it appears that G. W. Russell resides in Edinburg, Hidalgo County, Texas, and is the local agent for Guy A. Thompson, Trustee for the St. Louis, Brownsville and Mexico Railway Company. It is appellant's contention that Russell was also the agent for appellee, or one or more of its connecting carriers of the shipment which constitutes the subject matter of this lawsuit. The evidence shows that it was the practice of Russell to receive and transmit diversion orders for shipments and cars traveling over the rails of any corporation belonging to the Missouri Pacific System. This was done in accordance with the provisions of the tariffs covering such shipments which with the bill of lading constitute the shipper's contract with the carrier. After two diversion orders were received, charges were made and collected by Russell for additional orders. Russell testified that he was employed and paid by St. Louis, Brownsville and Mexico Ry. Co.; that none of the other corporations making up the Missouri Pacific Lines gave orders or directives to him; that he accepted diversion orders affecting other lines within the system because he was directed to do so by his superiors in the St. Louis, Brownsville and Mexico Ry. Co.; and that he had no authority to make a diversion, but, upon receipt of such orders, transmitted the same to Kingsville which office in turn forwarded them through Houston or St. Louis, to be carried out by the employees of the proper company to effect the diversion. This being the state of the evidence, it can not be said that it conclusively appears, as a matter of law, that Russell was the agent of San Antonio, Uvalde & Gulf Railroad Company, International-Great Northern Railroad Company, or the Missouri Pacific Railroad Company, as well as the St. Louis, Brownsville and Mexico Railway Company. Bay City Iron Works v. Reeves & Co., 43 Tex.Civ.App. 254, 95 S.W. 739; Northern Illinois Finance Corp. v. Sheridan, Tex.Civ.App., 141 S.W. 2d 434; Shamrock Oil & Gas Corporation v. Todd, Tex.Civ.App., 166 S.W.2d 766.

Appellant has cited a number of cases which, while not squarely in point upon the facts, hold that certain evidence set forth in the opinions is sufficient to support a finding of agency. In other words these authorities discuss evidence which is sufficient to support a fact finding of agency, but do not purport to say what evidence compels a finding of agency as a matter of law.

■ There was no error involved in excluding a purported deposition of J. J. Mulholland, given in another cause. The bill of exceptions containing the excluded instrument does not show that the same was ever signed by Mulholland or accompanied by a proper certificate as required by Rule 209, Texas Rules of Civil Procedure. It further appears that the essential preliminary proof was not made, prior to the tender of the deposition in evidence. McCormick & Ray, Texas Law of Evidence (2d Ed.), § 954.

The order appealed from is affirmed.